## THE STATE OF KANSAS v. JAMES TAYLOR.

1. LARCENY; *Name of Owner of Property Stolen; Variance.* Where an information charges the larceny of the property of Michael Wandler, evidence that the property belonged to J. M. Wandler, will not sustain a verdict against the defendant.

2. ——— Nor in such a case will the fact that, on the opening of the trial the county attorney called "Michael Wandler," and thereupon a witness answered, took the stand, was sworn, and testified that his name was "J. M. Wandler," and that he owned the property, sustain a finding that Michael Wandler and J. M. Wandler were one and the same person.

*Appeal from Davis District Court.*

TAYLOR, *alias* "Peter Bergman," was charged by information with the larceny of fifteen head of neat cattle, "belonging to one Michael Wandler." Trial and conviction at the April Term 1875 of the district court. From the judgment

and sentence against him, Taylor appeals, and brings the case here for review. The only question decided here, and the facts in relation thereto, are stated in the opinion.

*McClure & Humphrey*, for appellant. No brief on file.

*H. H. Snyder*, county-attorney, for The State:

There was evidence presented to the jury that "Michael Wandler," the prosecuting witness, and owner of the cattle alleged to have been stolen, and "J. M. Wandler" were one and the same person. The prosecuting witness was addressed in presence of the jury by the name of Michael Wandler; and J. M. Wandler in presence of the jury acknowledged, by answering when thus addressed, that his name was Michael Wandler. It will be observed that the transcript does not contain the questions asked the several witnesses. If this were the case, it would be seen that in all cases where the name of the prosecuting witness was spoken by the attorneys, he was spoken of as Michael Wandler. This was certainly evidence sufficient to lead the jury to conclude, beyond a reasonable doubt, that *J. M.* Wandler and *Michael* Wandler, were one and the same person, as the real fact was.

The opinion of the court was delivered by

BREWER, J.: Defendant was convicted in the district court of Davis county of the crime of grand larceny, and sentenced to the penitentiary for a term of three years. From this he has appealed to this court. A single matter only requires notice, for in that we find a fatal error. The information charged the larceny of certain cattle belonging to *Michael* Wandler. The evidence showed that the property belonged to *J. M.* Wandler, and there is nothing in the evidence, as preserved in the record, to show that *Michael* and *J. M.* Wandler are one and the same person. The only thing in the record bearing upon this is the recitation of what took place in the opening of the trial as follows: "The county

attorney first called Michael Wandler, who having answered and taken the stand was duly sworn, * * * testified as follows: My name is J. M. Wandler." From this counsel argues that as the witness who testified that his name was *J. M.* Wandler answered when *Michael* Wandler was called, the jury had sufficient evidence to justify them in finding that J. M. W. and Michael W. were one and the same person. Counsel says that other things equally significant took place during the trial, which do not appear in the record; but of course we must take the record as it is. And there is not enough in it to sustain the verdict. The testimony of the witness was, that his name was J. M. Wandler, and there was no testimony tending to show that he was ever known by any other name. His answering to the call of Michael Wandler, and coming on to the witness stand in obedience thereto, took place before he was sworn; and a jury may not bridge a variance between the charge and the testimony by inferences from the conduct of an unsworn witness. His *conduct* before he was sworn, is no more evidence than his *statements* would have been; and it would not seriously be contended that a jury might rest their verdict upon the statements of a witness prior to his being sworn. It may be that this was an inadvertence in the trial, or an oversight in preparing the record; and it may also be that the owner was not Michael Wandler, but an entirely different person, named J. M. Wandler.

The judgment will be reversed, and the case remanded for a new trial. The appellant will be returned from the penitentiary to the jailor of Davis county, to abide the further order of the district court of that county.

All the Justices concurring.