# S. D. STOKES v. STATE.

No. A-2293.    Opinion Filed May 13, 1916.

(157 Pac. 278.)

**INDICTMENT AND INFORMATION** — Variance — Name of Accused.
The information in the case at bar was filed against M. E. Stokes,
whom the proof shows to have been the owner of the merchandise
sold. The prosecution was conducted against S. D. Stokes. There
is no attempt made to explain the reason for this condition. Held,
that the prosecution should have been conducted, if at all, against
M. E. Stokes, and not against S. D. Stokes. S. D. Stokes might
possibly be a party, but the principal prosecution should be
against the owner.

*Appeal from County Court, Pontotoc County;*
*Hon. I. M. King, Judge.*

S. D. Stokes was convicted of violating the bulk sales law,
and appeals. Reversed.

*C. O. Barton,* for plaintiff in error.

*R. McMillan, Asst. Atty. Gen.,* for defendant in error.

ARMSTRONG, J.    The plaintiff in error, S. D. Stokes, was
convicted at the April, 1914, term of the County Court of
Pontotoc county on a charge of violating the bulk sales law (Rev.
Laws, 1910, Secs. 2903-2905), and his punishment fixed at a fine
of two hundred dollars ($200.000).

The charging part of the information in the case is as
follows:

"That the above named defendant M. E. Stokes, late of
Pontotoc County, did, in the year of our Lord One Thousand
Nine hundred and Thirteen commit the crime of False Represen-
tation in the manner and form as follows: That is to say the
defendant did, in said County and State, at the date above named
sell, transfer and deliver a certain entire stock of goods, wares
and merchandise, in bulk in the City of Ada, Oklahoma, to one
J. P. Pool, for a good and valuable consideration; that the said
J. P. Pool, said transferee, before said transfer was made, in

good faith, made a full and explicit inquiry of the said M. E. Stokes, said transferrer, as to the names and address of each and all of his creditors; that said transferrer knowingly or wilfully made to said transferee false and incomplete answer to said inquiries, by then and there knowingly, falsely and wilfully answering and representing to said transferee that there were no creditors unpaid, or that there were no charges or claims outstanding against said entire stock of goods, wares or merchandise, when in truth and in fact the said M. E. Stokes, said transferrer, then and there well knew that there were various creditors who had and held claims against said stock of goods, wares and merchandise, and that he the said M. E. Stokes, said transferrer, had not paid for same, contrary to, the form of the statutes, etc."

A warrant was issued calling for the arrest of M. E. Stokes. S. D. Stokes was arrested and brought into court, pleaded to the information, and gave his true name as S. D. Stokes.

The proof in the record on the part of the state tends to establish the fact that M. E. Stokes owned a merchandising establishment in Pontotoc county, that the business was conducted by S. D. Stokes, that a sale of the merchandise was made in bulk to witness Pool, that Pool asked for a list of the creditors and was told that there were no debts except a small account to Waters-Pierce Oil Company. At a later date Bell-Wayland Grocery Company brought a suit, and attached the stock of merchandise, which was sold under court order. There appears to be other creditors also who were unpaid.

The proof on behalf of the plaintiff in error tends to establish the fact that the store was sold to the witness, Pool, that he was told who the creditors were, that the stock invoiced $984.89; that the debts amounted to $554.14, that the witness Pool paid $200.00 in cash, and a note secured by chattel mortgage for $150.00 more, and assumed the payment of the debts.

The statutes under which the prosecution is brought are 2903 and 2904, Revised Laws of 1910, section 2903 being as follows:

"The transfer of any portion of a stock of goods, wares or merchandise otherwise than in the ordinary course of trade, in the regular and usual prosecution of the transferrer's business, or

the transfer of an entire stock in bulk shall be presumed to be fraudulent and void as against the creditors of such transferrer and such presumption may be rebutted only by a proposed transferee showing that, at least ten days before the transfer, and in good faith, he made a full and explicit inquiry of the transferrer as to the names and addresses of each and all of his creditors, and that he demanded and received from such transferrer at least ten days before such transfer a list of the names and addresses of all of the creditors of such transferrer, showing the amount owing each, which statement must be sworn to by such transferrer, and the oath shall include a declaration that it is a correct list of all of his creditors with the postoffice address and the amount owing each; and that, at least ten days before such transfer, the transferee notified or caused to be notified, of such proposed transfer, personally or by registered mail, each of the creditors of the transferrer of whom such transferee had knowledge or could, with the exercise of reasonable diligence acquire knowledge; and that such purchase was made by him in good faith for a fair consideration, actually paid."

Section 2904 is as follows:

"If such transferrer shall knowingly or wilfully make to such transferee any false or incomplete answer to such inquiries, such transferrer shall be deemed guilty of a misdemeanor, and upon conviction thereof, shall be punished by confinement in the county jail not less than sixty days, or by fine of not less than one hundred dollars, or by both such fine and imprisonment."

It will be noted that the information in this case is filed against M. E. Stokes. The prosecution is conducted against S. D. Stokes. It will be noted also that the proof in the case shows that M. E. Stokes owned the business. There is no contention to the contrary. Just why S. D. Stokes should be tried and convicted of the offense is not made clear by the record nor by the proof submitted on the part of the state. The merchandise in question was not transferred by S. D. Stokes, to Pool. No such claim is made. The transfer was made by M. E. Stokes. We are therefore of the opinion that the prosecution was improperly brought and judgment unlawfully rendered against S. D. Stokes.

For that reason the conviction is erroneous and the judgment void. If a prosecution is to be conducted in the cause the infor-

mation should be properly drawn and the prosecution pressed in the manner provided by law.

The judgment is reversed and the cause remanded with directions to proceed according to law.

DOYLE, P. J., concurs; FURMAN, J., absent.