JOHN SHORT v. THE STATE.

No. 8296. Delivered November 26, 1924.

No motion for rehearing filed.

**Assault with Pistol—Indictment—Names in—Idem Sonans—When.**

The indictment alleged the name of the injured party to be J. B. Denby. Witness testified that his name was J. M. Dendy. The court charged the jury that the names were *idem sonans*, and the variance was immaterial. In this the court was in error. The rule as stated by Judge White in Milontress v. State, 30 Tex. Crim. Rep. 151, 16 S. W. Rep., 764 is as follows: "If the names may be sounded alike, without doing violence to the powers of the letters found in the variant orthography, or if the name as stated be *idem sonans* with the real name, the misspelling and variance is immaterial." The names "Denby" and "Dendy" do not occur to us to be *idem sonans*.

Appeal from the District Court of Randall County. Tried below before the Hon. Henry S. Bishop, Judge.

Appeal from a conviction of an assault with a pistol while unlawfully carrying same; penalty, a fine of $1,000.

*Reeder & Reeder, E. T. Miller,* and *Stone & Guleke,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Appellant, with several other co-defendants, was charged with having committed an assault upon one J. B. Denby with a pistol while unlawfully carrying the same. Appellant was convicted, and his punishment assessed at a fine of $1,000.

The alleged injured party testified as follows:

"My name is J. M. Dendy. I spell my name 'D-e-n-d-y.' You all use it 'J. B. Denby,' but my name is 'J. M. Dendy.' My name is not at all Denby. It is Dendy. My initials are not 'J. B.' My initials are 'J. M.'"

The State later recalled witness and he was interrogated upon the same point and testified further as follows:

"My name is J. M. Dendy. Pronounced J. *M. D-e-n-d-y.* My name is not J. B. Denby, and I have never gone by that name. My initials are 'J. M.' I have never gone under the name of J. M. Denby, never in my life anywhere. In by business transactions in Amarillo, ever since I have been there I have always signed my name J. M. Dendy— 'D-e-n-d-y'—and not Denby. If while I have been on the witness stand and Mr. Miller called me Denby I made any correction at all, I told him my name was not J. B. Denby but was J. M. Dendy. I made it known that my correct name was J. M. Dendy, and that was in response to counsel calling me Denby. I did not at any time during this

transaction represent to any officer, Mr. Fletcher the District Attorney, or Bill Flesher the County Attorney of Randall County, or to the Randall County Grand Jury, or to the District Attorney Lloyd Fletcher of the 47th Judicial District of Texas, or any officer that I ever talked to in connection with this case, that my name was J. B. Den*by*. I have told all officers who asked me my name, and every person to whom I gave my name in connection with this transaction, that my name was J. M. Den*dy*."

The other witnesses referred to prosecutor as Dendy. There seemed to have been no contention, and there is no evidence, which would indicate that he was known both as Denby and Dendy. Under this state of the evidence the court charged the jury as follows:

"You are instructed that the variance between the name of the alleged injured party as written in the indictment and as testified by the witness J. M. Dendy is immaterial."

It was urged in the court below, and is contended here, that the name of the injured party as alleged in the indictment and as proven constitutes a fatal variance; that they were not *idem sonans,* and that the court was in error in charging the jury as a matter of law that the variance was immaterial. It would be profitless to review the great number of cases from our own court upon the point raised. They are collated under Sections 23 and 24 of Branch's Ann. Pen. Code. Words and Phrases, Vol. 4, page 3380, speaking upon the subject generally says " '*Idem sonans*' is said to exist if the attentive ear finds difficulty in distinguishing them when pronounced, or common and long continued usage has by corruption or abbreviation made them identical in pronunciation."

The rule which seems to have been adopted by our own court to determine the matter was stated by Judge White in Milontree v. State, 30 Texas Crim. Rep.; 151, 16 S. W. 764, as follows:

"If the names may be sounded alike without doing violence to the powers of the letters found in the variant orthography, or if the name as stated be *idem sonans* with the true name, the misspelling and variance is immaterial."

Perhaps the two cases nearer in point than others are Brooks v. State, 2 Texas Ct. App., 1, and Westbrook v. State, 23 Texas Ct. App., 401, the first holding "Lindley" and "Lindsay" not to be *idem sonans,* and the other to the same effect as to "Chapman" and "Chatman."

We think appellant's contention must be sustained. The names of *Denby* and *Dendy* do not occur to us to be *idem sonans* when the foregoing rules are applied. The court was in error in charging the jury as a matter of law that the variance was immaterial.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*