CHESLEY OLLISON v. THE STATE.

No. 12540.   Delivered April 24, 1929.

The opinion states the case.

*Cary M. Abney* of Marshall, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is possession of intoxicating liquor for' the purpóse of sale; the punishment confinement in the penitentiary for one year.

Operating under a search warrant officers searched appellant's residence and found therein more than a quart of whisky.   It was averred in the affidavit for the search warrant that the premises to be searched belonged to *Chester Olison.*   Said premises were described as follows:   "House and premises located about fourteen miles northwest of Marshall, Texas, on the Marshall and Harleton dirt road, being the home, residence and dwelling house occupied, inhabited and lived in by the said Chester Olison."   The description in the warrant followed that contained in the affidavit.   It was charged in the indictment that *Chesley Ollison* unlawfully possessed the liquor in question.   The evidence developed the fact

that appellant's name is Chesley Ollison. Among other things our statute requires that the affidavit and search warrant contain the name of the "person accused of having charge of the suspected place, if there be any such person, or, if his name is unknown, that it describe him with accuracy, and direct him to be brought before the magistrate." Article 316 C. C. P. Chesley and Chester are not idem sonans. The rule adopted by our court for determining whether names are idem sonans is stated in Milontree v. State, 16 S. W. 764, as follows:

"If the names may be sounded alike without doing violence to the power of the letters found in the variant orthography, or if the name as stated be idem sonans with the true name, the misspelling and variance is immaterial."

See also Short v. State, 266 S. W. 419.

The officers not having a warrant authorizing the search of appellant's residence, and timely and proper objection having been made to their testimony, the reception of their testimony touching the result of the search constituted error.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

HAWKINS, J., absent.