PETE ZULKOWSKY v. THE STATE.

No. 13133.   Delivered March 19, 1930.
State's Rehearing Granted December 10, 1930.
Appellant's Rehearing Denied February 11, 1931.

The opinion states the case.

*Bush & Parten,* of Franklin, for appellant.

*T. L. Tyson,* Co. Atty., of Franklin, and *A. A. Dawson,* State's Attorney, of Canton, for the State.

MARTIN, JUDGE.—Offense, the unlawful possession of equipment and mash for the purpose of manufacturing intoxicating liquor; penalty, one year in the penitentiary.

Operating under a search warrant, officers found in the residence of appellant incriminating evidence sufficient to sustain the allegations of the indictment. The reception of this evidence was objected to on many grounds, only one of which we deem necessary to notice.

The indictment alleges appellant's name to be Pete Zulkowsky. The testimony all shows that it was the residence of Pete Zulkowsky that was searched. In the affidavit for a search warrant it was alleged that certain incriminating articles therein set out and the premises were in charge and control of Pete Zulaposkie. The search warrant commanded the officers to search the premises of Pete Zoulaposkie. The point was properly preserved below and is here presented as error that the affidavit and warrant were insufficient because they each failed to give the name of the appellant and that the one given is variant from the name of appellant and that such failure to name the appellant renders both of said instru-

ments insufficient as the basis for the search. It was indispensably necessary under the facts of this record that the name of the appellant appear in the affidavit and search warrant since he was known. Tillery v. State, 114 Texas Crim. Rep., 106, 24 S. W. (2d) 84, and Naulls v. State, 115 Texas Crim. Rep., 44, 27 S. W. (2d) 180, this day decided. Ollison v. State, 112 Texas Crim. Rep., 354, 17 S. W. (2d) 62. It appears from the record here without dispute that the premises searched belonged to Pete Zulkowsky. We do not think that Zulkowsky and Zulaposkie can be sounded alike "without doing violence to the powers of the letters found in the variant orthography." Unless they may be, the variance is fatal. Short v. State, 98 Tex. Crim Rep., 472, 266 S. W., 419. The two names are not idem sonans. Short v. State, supra, and authorities therein cited; Branch's P. C., Sec. 24, for full collation of authorities. It being indispensably necessary to name the person in possession of the premises searched under the facts of this record and such name not appearing in the affidavit, we are of the opinion that the evidence of the searching officers was improperly admitted.

For. this error, the judgment is reversed and cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—The State moves for a rehearing herein, asserting that the description by name of the person for whom a search warrant was issued in this case, is incorrectly copied in the transcript; it being agreed by both the State and the appellant that the original affidavit and search warrant might be considered by this court, which were not here when this case was reversed, and same are accordingly sent here for our inspection.

The name of the party whose premises are stated to be thus desired to be searched in the affidavit,—as we read same,—appears to be "Pete Zulakoskie". The State insists in its motion that there is no variance between this name and that of the appellant which is spelled "Pete Zulkowsky". We are impelled to agree with the State's contention in the light of the authorities. In Reys v. State, 45 Texas Crim. Rep., 463, 76 S. W., 457, 77 S. W., 213, this court held that the words "Gudlupe" and "Gaudalupe" were idem sonans. In other words, that the "a" between the two syllables did not amount to a variance. It appears plain that the syllable "skie" in the affidavit, and the "sky" at the end of appellant's name, would ordinarily receive the same pronunciation when appearing as the closing syllable of a proper name, there being no differ-

ence in the sound of the "y" in the one case and the "ie" in the other. We think the middle syllable of the name which is "kos" in the affidavit, and "kow" in appellant's name, when appearing in conjunction with the consonants forming the complete name word, have so nearly the same sound as to be immaterially variant, if at all. In Wilks v. State, 27 Texas App., 381, 11 S. W., 415, this court held the words "Fauntleroy" and the word "Fontleroy" to be idem sonans. In Gentry v. State, 62 Texas Crim. Rep., 497, 137 S. W., 696, this court held the name "Laun Gentary" in the affidavit to be idem sonans with "Lon Gentry" in an information. There appears in Jones v. State, 115 Texas Crim. Rep., 418, 27 S. W. (2d) 653, an extended discussion of the doctrine of idem sonans in which the name "Holland" and the name "Hollins" are held to be idem sonans. We might further observe in this connection that the rule quoted in the last mentioned case from Wharton's Cr. Ev., which, in substance, is that a variance in name is not now regarded as material, unless it appears to the court that the jury was misled by it, or some substantial injury is done to the accused, such as that, by reason thereof, he was unable intelligently to make his defense, or he was exposed to the danger of a second trial on the same charge,—has weighty application here. There seems no question raised in this record but that upon the search warrant issued upon the affidavit, the home of this appellant was found and searched under the authority of said search warrant. In it was found the intoxicating liquor testified to by the officer. Appellant does not seem to take the position that the officers found the wrong place, or searched the premises of the wrong man, or that he was not in fact the owner of the premises and place searched. It seems utterly impossible to conceive of any injury resulting to appellant from the claimed variance, which, however, we do not think exists under the rule laid down by the authorities above cited.

The State's motion for rehearing will be granted, the judgment of reversal will be set aside, the judgment of the trial court will be affirmed.

*Granted.*

### ON APPELLANT'S MOTION FOR REHEARING.

HAWKINS, JUDGE.—We find no reason to change our opinion of date December 10, 1930, holding that under the record before us when the State's motion for rehearing was considered there was no variance in the name of appellant as it appears in the indictment, search warrant and affidavit therefor.

In his motion for rehearing appellant calls attention to the fact that certain propositions of law urged by him in his original brief have not been considered. The attention of the court was centered upon the

356

question of variance and for that reason the matters to which appellant again directs our attention were overlooked but will now be considered.

The affidavit for search warrant and also the warrant described the place to be searched as the "residence" of appellant. The evidence showed that a coil about eight or ten feet long and about three-eights of an inch in diameter was found in the smokehouse some twelve feet away from appellant's residence. It is appellant's contention that under the authority of McTyre v. State, 113 Texas Crim. Rep., 31, 19 S. W. (2d) 49, the evidence regarding the finding of this coil in the smokehouse was not admissible because search of the smokehouse was not requested in the affidavit nor authorized by the warrant. Appellant refers us to bill of exception number four as bringing forward complaint of reception of the evidence with reference to the finding of the coil. We have carefully examined bill of exception number four and find various objections to the reception of evidence as to what was found in the search made by the officers. The objections generally are based on the claimed invalidity of the warrant and affidavit. We nowhere find in the bill any specific objection to evidence regarding the finding of the coil in the smokehouse upon the ground now urged by appellant. We regard the bill as insufficient to call the trial court's attention to the objection now being urged.

Appellant also refers us to bill of exception number six as presenting another point not heretofore discussed. It appears that officers found in the residence of appellant a five-gallon can which had a hole in it, the size of which is given. The witness Guynes was permitted to testify over objection of appellant that the copper coil which was smaller than the hole in the can could be fitted into this hole and a tight joint made by using rags or dough in order to prevent the vapor from escaping. The can and the coil were exhibited before the jury. The end of the coil had no threads on it, but was smooth. The testimony of Guynes was objected to for various reasons set out in the bill. We think the objections go to the weight of the testimony and not to its admissibility.

The appellant's motion for rehearing is overruled.

*Overruled.*