## ED LOGAN v. STATE.

No. A-7213. Opinion Filed May 10, 1930.
(287 Pac. 1112.)

Wieck & Armstrong, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

DAVENPORT, J.   The plaintiff in error, hereinafter called the defendant, was convicted on a charge of selling intoxicating liquor, and was sentenced to pay a fine of $150 and be imprisoned in the county jail for 60 days, from which judgment the defendant has appealed to this court.

The information in this case charged that the defendant sold one pint of whisky to one Lloyd Rigdon. The state in support of the allegations in the information called a witness who stated his name to be F. B. Rigdon, who stated he was a resident of Newkirk; that he was acquainted with Shorty or Ed Logan; that he did not know whether he had a transaction with Shorty Logan in September, 1927; that he could not remember dates; as far as he could remember, it was in the fall of the year; the transaction occurred somewhere on North Main street.

The county attorney asked the witness in the course of the examination: "Q. Do you live here in Newkirk, Floyd?   A. Yes, sir."

This was all the testimony introduced at the trial. When the state rested its case, the defendant demurred to the evidence introduced on behalf of the state, and moved the court to advise the jury to return a verdict of not guilty, for the reason that the evidence fails to prove the allegations charged in the information. This motion was overruled, and the defendant reserved an exception.

The defendant has assigned several errors alleged to have been committed in the trial of his case—the first assignment being that the court erred in overruling his motion for a new trial; fourth, that the said verdict is contrary to the evidence; fifth, that the said verdict is not sup-

ported by the evidence; seventh, the court erred in refusing to sustain the demurrer to the evidence and motion for a directed verdict of not guilty made by the defendant at the conclusion of the state's testimony.

These assignments will be treated together, as they all relate to the same question; that is, Is the testimony of the state sufficient to sustain the allegations in the information? The information charges that the defendant sold to one Lloyd Rigdon a pint of whisky. The fourth instruction to the jury advised the jury that they find beyond a reasonable doubt that the defendant in this case sold to one Lloyd Rigdon before it would be warranted in finding the defendant guilty.

We have carefully examined the record, and fail to find any testimony whatever to sustain the allegations in the information. The only witness called on behalf of the state testified his name was F. B. Rigdon. One place in the taking of the testimony they referred to him as Floyd Rigdon. There is no testimony in the record showing that the witness called was Lloyd Rigdon, or that Lloyd Rigdon was one and the same as F. B. or Floyd Rigdon. We hold that the proof fails to sustain the allegations. The demurrer of the defendant to the evidence should have been sustained.

There being no proof to sustain the allegations in the information, the judgment is reversed.

EDWARDS, P. J., and CHAPPELL, J., concur.