JESSE H. WHITE v. STATE.

No. A-8971.   Jan. 31, 1936.
(54 Pac. [2d] 214.)

402

W. E. Rice, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, P. J.   Plaintiff in error, hereinafter called defendant, was convicted in the district court of Kay county of second-degree burglary as a second offense and was sentenced to serve a term of ten years in the state penitentiary.   The charge is under article 25, chap. 15, Okla. Stat. 1931 (section 1927 et seq.), which defines "burglary" in the different degrees and fixes punishment. Punishment for second-degree burglary is not less than two nor more than seven years.   Article 6, chap. 15, Okla. Stat. 1931 (section 1817 et seq.), provides a greater punishment for one who previously has been convicted of an offense punishable by imprisonment in the penitentiary, whether such previous conviction be within or without this state.   In case of a second or subsequent conviction the minimum punishment is the longest term fixed for a first offense; the minimum sentence for burglary in the second degree on a second conviction is ten years, the term fixed by the jury in the instant case.

The evidence is circumstantial.   At the time charged a store in Ponca City was broken into and a number of cartons of cigarettes stolen with a small sum of money consisting of 25 cents in nickels and $1.50 in pennies.   The day after the burglary defendant was in Tonkawa with cartons of cigarettes of the same brand as those stolen, which he was attempting to sell for less than their real

value. In explaining his possession to different prospective purchasers, he made different and false explanations of his possession. He left the place where he was staying at Ponca City in a taxi and paid the driver with pennies. There are various other circumstances tending to prove guilt. The evidence is ample to sustain the judgment.

The information alleges that prior to the commission of the offense in this case the defendant had been convicted in Sedgwick county, Kan., of both a burglary and a grand larceny and had served a term in the state penitentiary at Lansing. Certified copies of the record of the prior conviction, judgment, and sentence were admitted by stipulation of the county attorney and counsel for defendant.

Defendant contends that the evidence is insufficient to sustain the judgment; that it creates no more than a suspicion of guilt; that the circumstances proven are consistent with a reasonable hypothesis of innocence. It is further argued that even if this court should find the evidence sufficient to sustain the judgment, the proof of prior conviction in the state of Kansas is that of a grand larceny and not of burglary. On this point counsel asserts:

"* * * It is clear that the defendant was sentenced by the Kansas Court for the crime of grand larceny and not for burglary * * *, that there is no evidence in the record anywhere to support the conviction of burglary committed in the state of Kansas."

The journal entry of judgment admitted by stipulation recites a conviction for grand larceny and a sentence to the Kansas penitentiary for a term of five years.

It is therefore evident that there is no variance in the charge for which defendant was convicted in the state of Kansas and in the information here alleging the prior

conviction, and even if there were variance we think it would be immaterial under the provisions of article 6, chap. 15, Okla. Stat. 1931.

We find no material error.

The case is affirmed.

DAVENPORT and DOYLE, JJ., concur.