## JOHNSON v. STATE.

No. A-11770. July 29, 1953.

(260 P. 2d 420.)

Ryan Kerr, Altus, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and James P. Garrett, Asst. Atty. Gen., for defendant in error.

BRETT, J. The plaintiff in error Melvin Johnson, defendant below, was charged in the county court of Tillman county, Oklahoma, by information with the offense of operating a motor vehicle in said county, after and during the time his driver's license was denied, and as a subsequent offender. He was tried by a jury which returned a verdict of guilty, fixed his punishment at a fine of $200 and 30 days in the county jail and judgment and sentence was entered accordingly, from which this appeal has been perfected.

The amended information herein alleged the defendant had been convicted on three prior occasions of the offense of operating a motor vehicle without a driver's license. He was charged with having been first convicted in the justice of the peace court, Frederick district, Tillman county, Oklahoma, on or about the 16th day of April 1949, to which charge the defendant entered his plea of guilty and was sentenced to pay a fine of $25. The second conviction was alleged to have been had in the justice of the peace court, Altus district, Jackson county, Oklahoma, wherein complaint was filed on August 14, 1949, to which complaint the defendant entered his plea of guilty and was adjudged guilty and to pay a fine of $50 and costs. The third conviction prior to the offense herein involved was alleged to have been in the justice of the peace court, Frederick district, Tillman county, Oklahoma, wherein a complaint was filed against the defendant on the 27th day of February, 1950, to which he entered a plea of guilty, was adjudged guilty and sentenced to pay a fine of $75 and costs.

The defendant complains of an alleged variance between the pleading and the proof. At the trial Honorable Haskell A. Holliman, justice of the peace, Frederick district, Tillman county, identified the docket of the said court and a certified copy of said docket was introduced in evidence by the state. The docket with reference to the first conviction hereinbefore set forth indicates that the complaint was filed on the 18th day of April instead of the 16th day as alleged in the information, and that the fine was $10 instead of $25 as alleged in the information. On these facts the defendant asserts his only contention, to the effect that the court erred in overruling his motion for a directed verdict on the grounds of material variance between the allegations of the information and the proof at the trial. No contention of variance is made relative to the convictions in the justice of the peace court, Altus district, Jackson county, on August 14, 1949, and the one in the justice of the peace court, Frederick district, Tillman county, on February 27, 1950. The Attorney General asserts that the variance herein complained of is not material. In this connection he is supported by the case of O'Neil v. State, 76 Okla. Cr. 107, 134 P. 2d 1033, which is a forgery case. Therein it was alleged there was a material variance first because the information described the case by number as 100,743 while the proof at the trial showed the number of the case to be 10,743. Moreover the prior conviction relied on in the O'Neil case as alleged in the information was on July 29, 1936, while the proof showed that the correct date of conviction was the 29th day of September 1936. In said case it was held where one is charged as a second offender, the allegation that the prior conviction was on the 29th day of July, 1936, and the evidence showed it was on the 29th day of September, 1936, such variance is immaterial. In the O'Neil case it was held that the mistake with reference to the proof of the conviction was a typographical error. It was further held that the misdescription of the date of the commission of the conviction was of no consequence since there was an allegation of the facts of the prior conviction and the proof of the same by the proper records. The judgment introduced in evidence in the O'Neil case gave the name of the court and the county and the date the judgment and sentence was rendered and the defendant identified as being the party named in the prior conviction. This court said it could not see how this would have prejudiced the defendant therein or caused him to be twice put in jeopardy for the same offense. To the same effect is Long v. State, 77 Okla. Cr. 174, 140 P. 2d 600, wherein it was held that the allegation of prior convictions in the information does not charge an offense. It is only an allegation of fact which may affect the punishment. The jury was only required to find the prior conviction as an historical fact. In the Long case the variance relied on was that the information alleged the sentence pronounced on a former conviction. It was 30 days in jail and a fine of $150 and the evidence showed that it was 60 days in jail and a fine of $150. To the same effect is White v. State,

58 Okla. Cr. 401, 54 P. 2d 214. It has been repeatedly held by this court that a variance is not material unless it is such as might mislead the defense or expose the defendant to the injury of being twice put in jeopardy for the same offense. O'Neil v. State, supra; Long v. State, supra; Carr v. State, 91 Okla. Cr. 94, 216 P. 2d 333. Furthermore, the fact that the other two prior convictions herein relied upon were properly pleaded and proved is a further reason as to why the variance herein relied upon is of no materiality. The defendant's evidence of guilt is clear and the variance complained of does not deprive him of any substantial right resulting in prejudice to him. For all the above and foregoing reasons, the judgment and sentence herein complained of is accordingly affirmed.

POWELL, P. J., and JONES, J., concur.