## STATE v. MAUDE WINDELL.

No. A-2752.  Opinion Filed September 29, 1917.

(167 Pac. 640.)

1.  **INTOXICATING LIQUORS—Sufficiency of Information.**  For information **held** sufficient to charge an offense for second violation of prohibitory liquor laws, see body of opinion.

2.  **CRIMINAL LAW—Second Offense—Jurisdiction of District Court.**  Following **Tucker v. State,** ante, p. 54, 167 Pac. .637, **held,** district courts have jurisdiction to try offenders charged with the violation of the habitual criminal statute.

*Appeal from District Court, Craig County;*
*Geo. C. Crump, Assigned Judge.*

Maude. Windell, alias Maude Couch, was prosecuted on an information for a second violation of the liquor law, and from a judgment of the district court, sustaining a demurrer to the information, the state appeals.  Reversed and remanded, with instructions to overrule the demurrer.

*Willard .H. Voyles,* Co. Atty., *S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

MATSON, J.  This is an appeal by the state from a judgment of the district court of Craig county; sustaining a demurrer of the defendant to the information.  The charging part of the information is as follows:

"That the said Maude Windell, under the name of Maude Couch, was informed against by information in the county court of Craig county, Oklahoma, duly filed on the 7th day of December, 1914, by Willard H. Voyles, county attorney for the county of Craig, in the State of Oklahoma, for the crime of selling, bartering, giving away and otherwise furnishing to Walter Woodal spirituous and intoxicating liquor, to wit, one quart of whisky, and that on the 16th day of April, 1915, following, the said Maude Windell,

under the name of Maude Couch, personally appeared in open court in said county court, and upon her plea of not guilty to said information was duly tried and convicted by a jury regularly impaneled and sworn to try said cause, and that in pursuance to said verdict of the jury the said Maude Windell, under the name of Maude Couch, was by the county court aforesaid on the 21st day of April, 1915, sentenced to serve a term of thirty (30) days in the county jail of Craig county, Oklahoma, and to pay a fine of seventy-five ($75) dollars and costs, and that the said Maude Windell, under the name of Maude Couch, was duly committed to the county jail of said county and served said sentence, imprisonment, and fine, and that thereafter, to wit, on March 27, 1916, the said Maude Windell, alias Maude Couch, did in Craig county, Oklahoma, commit the crime of violating the prohibition of said state again and for the second time in manner and form as follows, to wit: That the said Maude Windell, alias Maude Couch, having been duly convicted as aforesaid, did then and there on the said 27th day of March, 1916, knowingly, willfully, unlawfully, and feloniously have in her possession certain intoxicating liquors, to wit, twenty-eight (28) quarts of whisky and eleven (11) quarts of beer, for the purpose and with the intent to unlawfully and feloniously barter, sell, give away, and otherwise furnish the same to persons to the affiant unknown, in violation of the prohibition laws of the State of Oklahoma."

The grounds stated in the demurrer are as follows:

(1) "That said information does not state facts sufficient to constitute a public offense."

(2) "That the court has no jurisdiction over the offense charged in the information."

No appearance is made for the defendant. We are therefore at a loss to know the reasons given by the trial court in sustaining the demurrer to this information. We have carefully examined the same, and it is the opinion

of this court that it sufficiently alleges and sets out in proper form all the material facts necessary to allege and prove to sustain a second conviction of violating the prohibitory liquor laws of the state. It is not necessary that the entire record of the former trial and conviction be set out in the information; it is only necessary that the facts required shall be alleged with sufficient clearness to enable the court to determine whether or not the statute applies. 12 Cyc. pp. 950, 951.

We presume, however, that the demurrer to this information was sustained by the trial court upon the ground that the district court had no jurisdiction to try this offense. This court has already passed upon the question of the jurisdiction of district courts in cases of this kind in the recent decision in the case of *Art Tucker v. State, ante,* p. 54, 167 Pac. 637, in which it is held that district courts have original jurisdiction of such cases.

We conclude, therefore, that it was error for the district court to sustain the demurrer to the foregoing information on either ground stated therein, and the judgment of said court sustaining the demurrer is set aside, and the cause is remanded to the district court of Craig county, with instructions to overrule said demurrer, and for further proceedings in accordance with law.

DOYLE, P. J., and ARMSTRONG, J., concur.