## BOYCE LITTLEJOHN v. STATE.

No. A-5126. Opinion Filed Dec. 5. 1925.
(241 Pac. 210.)

M. D. Hartsell, for plaintiff in error.

George F. Short, Atty. Gen., for the State.

EDWARDS, J. For convenience and brevity, the plaintiff in error will be referred to as defendant.

The record discloses a state of facts about as follows: After a hearing upon a preliminary complaint, an information was filed in the district court of Muskogee county charging that the defendant on or about the 27th day of January, 1923, did commit the crime of transporting intoxicating liquor, to wit: That the said defendant on the 25th day of March, 1922, was informed against for the crime of selling intoxicating liquor to W. A. Hensley, Jr., a minor, and Harrold Criswell, a minor, being case No. 2966, in said court, and that on the 22d day of May, 1922, the defendant appeared in open court in said district court, entered his plea of guilty to said information, and was thereupon on the 29th day of May, 1922, sentenced by the judge of the district court to serve a term of four months in the state penitentiary at McAlester, and that he was duly committed to the state penitentiary of said state of Oklahoma to serve said sentence; and that thereafter, "to wit, on the 27th day of January, 1923, the said Boyce Littlejohn did, in the county and state aforesaid, commit the crime of violating the prohibitory liquor laws of said state again and for the second time in the manner and form as follows, to

wit, that the said Boyce Littlejohn, having been duly convicted as aforesaid, did then and there, on the 27th day of January, 1923, knowingly, willfully, unlawfully and feloniously transport certain intoxicating liquor, to wit, four (4) gallons of whisky, from a point in Muskogee county, Okla., to this affiant unknown, to another point in Muskogee county, Okla., to wit, the corner of Main and Broadway streets in Haskell, Okla., contrary, etc. * * *"

The contentions advanced by the defendant may be summarized as follows: First, the insufficiency of the information to charge a felony. Second, that the verdict and judgment are contrary to law. Third, error of the court in placing defendant on trial after amendment of the information without further arraignment. Fourth, error in the admission of evidence and insufficiency of the evidence. Fifth, error of the court in refusing requested instruction. These assignments will be considered in the order presented.

Upon the first assignment, it is contended that the charge does not contain a direct and positive allegation of the defendant's previous conviction in a court of competent jurisdiction, that an allegation of a plea of guilty and a sentence is not a charge of prior conviction, and that the information charges no more than a misdemeanor, and that the district court, therefore, had no jurisdiction.

The statute under which the prosecution was had in section 6991, Comp. St. 1921, is as follows:

"For the second and all subsequent convictions for the violation of any of the provisions of this act, the penalty shall be a fine of not less than $50, nor more than $2,000, and by imprisonment of not less than 30 days in the county jail, nor more than 5 years in the state penitentiary. * * *"

This statute was under consideration in the case of Tucker v. State, 14 Okla. Cr. 54, 167 P. 637, and it was there said:

"An information, in order to charge a crime under the Habitual Criminal Act, should contain allegations of fact setting forth that the offense charged is a second (or subsequent) violation of the law and that the person charged has been convicted in a court of competent jurisdiction. In this respect, the information must be definite and certain. An allegation that the person charged has been convicted of violating some prohibition law of the state is too general."

In that case the information alleged that the defendants had "possession of certain intoxicating liquor with intent to sell, * * * having heretofore, to wit, on the 4th day of May, 1911, been convicted of a violation of the prohibition law of the state of Oklahoma in cause No. 514, in the county court of Grady county, state of Oklahoma, said county court being a court having jurisdiction of said offenses, and convicted on the 14th day of December, 1911, for a violation of the prohibition law of the state of Oklahoma, in the superior court of Grady county, Okla., in causes Nos. 100, 99, 97, and 96, said superior court being a court having jurisdiction of such offense." The court in passing upon the sufficiency of the information said:

"The information does not allege that Tucker had been convicted of violating the prohibitory liquor laws of the state of Oklahoma. In our judgment, it should have alleged that the party charged had in some particular violated some provision of the enforcement acts of the prohibitory liquor law, and that he had been convicted therefor in a court having jurisdiction of the subject-matter and of the person of the accused. * * * The information in question, having failed to properly so charge, is therefore defective."

Several other contentions are discussed in the case, but upon the sufficiency of the information the holding is that the allegation of former conviction must be definite, charging that the accused has been convicted of the violation of some particular provision of the prohibitory liquor law, and, in effect, that a general charge of a violation of

the prohibitory law or the prohibition law is too indefinite and uncertain.

Again in the case of Fowler v. State, 14 Okla. Cr. 316, 170 P. 917, the court considered the sufficiency of an information under this statute, and held it to be insufficient for failure to definitely charge the prior conviction attempted to be pleaded. The charging part of the information in that case is:

"That Lee Fowler did willfully, unlawfully and feloniously sell to P. W. Allred one pint of Hill & Hill whisky; that on the 19th day of January, 1914, the said Lee Fowler entered a plea of guilty in the county court of Stephens county, Okla., to the charge of conveying intoxicating liquors, in violation of the prohibitory laws of the state of Oklahoma. * * *"

This court held the information insufficient, and said:

"Entering a plea of guilty is not a conviction, and for this reason the information is insufficient to charge a felony under the Habitual Criminal Act."

The holding in that case was based on the information there under consideration, in which information, as above quoted, the allegation is that: "The said Lee Fowler entered a plea of guilty." That allegation is not an allegation of a prior conviction. There was no allegation that a judgment was entered upon the plea of guilty. The allegation of a plea of guilty is no more than would be an allegation that a jury had returned a verdict of guilty. To constitute a conviction in either case, the court must enter a judgment upon the plea of guilty or upon the verdict of the jury. The judgment is entirely different from the plea of guilty and entirely different from the verdict of the jury. Section 2759, Comp. St. 1921, provided that after a plea or verdict of guilty, the court must appoint a time for pronouncing judgment, and section 2770, Comp. St. 1921, provides for the pronouncing of judgment. In the instant

case the information, while by no means a model pleading, is not subject to the objections directed at the informations in the cases of Tucker v. State, supra, and Fowler v. State, supra, since the information here definitely describes the particular offense for which the defendant had previously been convicted. It also alleges that upon the plea of guilty entered by the defendant in the former conviction, the defendant was by the court sentenced to the penitentiary; which allegation is in substance that judgment was by the court entered upon the plea of guilty. The sentence introduced in evidence as the state's Exhibit B is in fact a judgment and sentence of the court.

It is also contended under this assignment that there is no allegation that the district court of Muskogee county, in which the former conviction was had, was a court of competent jurisdiction. It is alleged, however, that the former conviction was upon a charge for the selling of intoxicating liquor to a minor. This court takes judicial knowledge that under the law the selling of intoxicating liquor to a minor is a felony of which district courts have jurisdiction. It would have been the better practice to have alleged that the former conviction was in a case of which the district court of Muskogee county had jurisdiction, but we think the failure to so allege does not render the information fatally defective. It is not essential that the information should plead the record in the former conviction. That is, it is not essential that it set out the information, plea of guilty, or the verdict of the jury and the judgment of the court. It is sufficient on this point if it definitely and certainly pleads a prior conviction in a court of competent jurisdiction of a specific violation of the prohibitory liquor laws.

Under the second assignment, that the verdict and judgment are contrary to the law, it is argued that the verdict which assesses a fine of $100 and imprisonment

in the state penitentiary for a term of six months is void, that the punishment should have been confinement in the county jail instead of in the penitentiary, citing Tucker v. State, supra, in which case the verdict of the jury was for imprisonment in the state prison for a term of five years and no fine assessed. The verdict in that case was contrary to the provisions of the Constitution which fixes the punishment for violation of the prohibitory liquor law at a fine of not less than $50 in any case and by imprisonment. This court there said that punishment involving imprisonment for less than one year should be in the county jail. The verdict there should not have been received until in addition to the imprisonment a fine of not less than $50 was fixed by the jury. But if the statement made in that case is a holding that confinement upon conviction of felonies for a violation of the prohibitory liquor law, where the imprisonment is less than one year, must be in the county jail, such holding is not so required by the Constitution or statute, and the jury may fix the imprisonment at confinement in the state penitentiary although the term of imprisonment be less than one year.

Upon the third assignment it is urged that the defendant was required to enter upon his trial after an amendment of the information without further arraignment. The record discloses that the county attorney on November 10th was granted leave to amend the information by inserting: "Commit the crime of violating the prohibitory laws the second time." The defendant at that time objected. On the 27th day of November, the case came on for trial, the jury was impaneled and sworn, the county attorney made his opening statement, counsel for defendant reserved his statement, and defendant then objected to the introduction of evidence, among other things, because the defendant had not been arraigned. This objection came too late. If it was the contention of defendant that the amendment was of a material matter and required an arraignment, objec-

tion should have been made prior to the announcement of ready for trial, the impaneling of the jury, and the making of the opening statement. Hast v. Territory, 5 Okla. Cr. 162, 114 P. 261; Ryan v. State, 8 Okla. Cr. 623, 129 P. 685.

The fourth assignment is directed to various matters pertaining to the introduction of evidence. It is complained that the court erred in admitting proof of the former conviction before the state had proven the commission of the particular violation of the liquor law charged. This is a matter within the sound discretion of a trial court, and while it is better practice to have required proof of the facts relied upon to constitute the particular violation of the liquor law being tried before introducing proof of a former conviction, yet we do not perceive that it is prejudicial. As said by this court in a former opinion, it would be an extreme case where the order in which competent evidence is admitted would be reversible. Wilson v. State, 32 Okla. Cr. 139, 240 P. 155.

It is then complained that the information upon which the former conviction was had and the judgment of the court upon the plea of guilty were not properly admitted nor read to the jury. Our examination of the record does not sustain the contentions made. It shows the identification of the information as the original information in the former case with the request for leave to withdraw the original and substitute a copy. It shows introduction of the original judgment signed by the judge of the court and the permanent record of the court thereof and shows by the records of the court the entry of the plea of guilty. Whether or not these various instruments were read to the jury or merely delivered to them, the record is silent.

Lastly, it is contended that the court erred in refusing defendant's request for an instruction on the law of circumstantial evidence. This is not a case resting solely upon circumstantial evidence. A defendant is not entitled as

a matter of right to an instruction on circumstantial evidence unless the testimony is wholly circumstantial. Star v. State, 9 Okla. Cr. 210, 131 P. 543; Hendrix v. U. S., 2 Okla. Cr. 240, 101 P. 125; Price v. State, 9 Okla. Cr. 359, 131 P. 1102.

Upon an examination of the whole case, we find no reversible error.

The case is affirmed.

BESSEY, P. J., and DOYLE, J., concur.