## MARGARET HERRING v. STATE.

No. A-6485.  Opinion Filed May 25, 1929.
(277 Pac. 683.)

Sam S. Gill, for plaintiff in error.

J. K. Wright, Co. Atty., and L. W. Harrod, Asst. Co. Atty., for the State.

CHAPPELL, J.  The plaintiff in error, hereinafter called defendant, was convicted in the county court of Oklahoma county on the charge of having possession of intoxicating liquor, and her punishment fixed by the jury at a fine of $200 and confinement in the county jail for a period of four months.

The first objection of the defendant is that the evidence was inadmissible, because the search warrant described more than one place and was issued on information and belief.  The description of the premises in the search warrant was as follows: "A three and two story building being located at 220 1-2 and 222 1-2 N. Broadway, Oklahoma City, Oklahoma, said place being used as a public

hotel and rooming house, in said county and state. * * *"
This description was sufficient to enable the officers to locate the premises to be searched, and that is all that is required.

The defendant next complains that the evidence was insufficient to support the judgment and sentence. Before the Criminal Court of Appeals will reverse a conviction upon the ground that the verdict of the jury is contrary to the evidence, it must find that there is no testimony in the record from which the jury could rationally conclude that the appellant was guilty, unless it appears from the record that the jury were influenced by improper motives in arriving at their verdict. This has always been the rule of the court.

Defendant next urges that the trial court should have instructed the jury on the law of circumstantial evidence. It is only where the evidence of the state is entirely circumstantial that it is necessary for the court to instruct on the law of circumstantial evidence. The defendant tendered no instruction to the court on circumstantial evidence. This court has repeatedly held that, if the defendant desires special instructions, it is his duty to prepare and present the same to the trial judge and request that such special instructions be given.

The evidence being sufficient to support the verdict of the jury, and no sufficient errors of law appearing upon the record to require a reversal, the cause is affirmed.

EDWARDS, P. J., concurs.

DAVENPORT, J., dissents.