## JACK LEASURE v. STATE.

No. A-7038. Opinion Filed Jan. 11, 1930.
Rehearing Denied Jan. 28, 1930.
(283 Pac. 1023.)

Geo. W. Buckner, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Garfield county on a charge of having violated the prohibitory liquor laws of the state of Oklahoma a second time, and his punishment fixed at a fine of $500 and imprisonment in the state penitentiary for a period of 2½ years.

Immediately after the issuance of a search warrant, the sheriff of Garfield county, two of his deputies, and the prohibition enforcement officer of that district visited the premises of the defendant and found in his possession, in his residence, a quantity of whisky in excess of one quart. At the time of making this search the officers left

their automobile on the public highway and walked to defendant's house. When they arrived there was an automobile standing in defendant's yard near his house with several people in it. The officers watched and saw a man approach the automobile, and when they started toward him he threw out at the side of the car a pint bottle of whisky. The officers proceeded to the car and found on the person of this man another pint bottle of whisky. This man had come immediately from defendant's house, and upon seeing this, two of the officers went into defendant's house. The sheriff had knowledge of the fact that the defendant had previously been convicted of a violation of the prohibitory liquor laws in that county. On entering the house and searching the premises and finding the whisky in the house, the officers arrested the defendant and started to arrest a boy about 20 years of age who was sleeping in one of the rooms, when the defendant said to the officers: "I will take the blame for all this whisky. None of it belonged to this boy."

Upon the trial, the witness who was found in the yard in the possession of two pints of whisky testified that he had bought the whisky from defendant. In this testimony he was corroborated by another witness, who was also in the automobile at the time, to the effect that they went out to defendant's place for the purpose of buying whisky and had given this witness money with which to buy two pints of whisky, and that the defendant had been at the car and told them that he had whisky, and that he and witness had left together and gone into the house, and that shortly thereafter the witness returned to the automobile with two pints of whisky and threw one of them away just as the officers came up.

In addition to the proof of possession by the defendant of this whisky, there was proof of the fact that the

defendant had pleaded guilty in the county court of Garfield county to the possession of whisky, and that in such case the defendant had been sentenced to a term of 30 days in the county jail and to pay a fine of $50, and that such judgment had become final before the institution of this prosecution.

The defendant first contends that the court erred in overruling his motion to suppress the evidence, for the reason that the same was secured through an unlawful search of the defendant's premises. It is contended that the search warrant under which the search was made was void because not signed by a justice of the peace. The sheriff testified that he made out the warrant and the copy ready for the justice of the peace to sign, and inadvertently signed the name of the justice of the peace; that he erased that signature, and the justice of the peace signed the warrant before the sheriff started to execute it.

It is next contended by the defendant that the description in the search warrant was insufficient to authorize a search of defendant's premises. The place to be searched is described in the warrant as follows:

"In the building located on the N. E. ¼ of sec. 32, twp. 23, range 6 and known as the Leasure place in Garfield county, Okla."

This court has held in a number of cases that the description of the premises to be searched is sufficient if it enable the officers to locate the premises by the information contained in the description. Mitchell v. State, 43 Okla. Cr. 63, 277 Pac. 260; Herring v. State, 43 Okla.Cr. 190, 277 Pac. 683; White v. State, 43 Okla. Cr. 140, 277 Pac. 946.

The search of defendant's premises could be sustained upon another ground. The sheriff knew that the defendant had been convicted of a prior offense. The fact that

an automobile was parked in the yard, and that as the sheriff approached whisky was thrown from the car, and that a search of the party throwing the whisky out disclosed the possession of a pint of whisky on the person of the purchaser, and the fact that the purchaser told the sheriff that they had gotten the whisky in the house, gave the sheriff sufficient information to advise him that a felony had probably been committed and that the defendant had committed the offense. Under section 2471, C. O. S. 1921, of the statute, the sheriff was authorized to arrest the defendant and make the search.

It is next contended that the court erred in overruling the demurrer to the information because the information fails to contain an allegation that the court in which the first conviction was had was a court of competent jurisdiction. The information alleges that the defendant was convicted in the county court of Garfield county of the crime of having possession of intoxicating liquors with the unlawful and wrongful intent to barter, sell, or otherwise furnish the same to others. This court takes judicial notice that the county court of Garfield county has jurisdiction to try persons charged with the violation of the prohibitory liquor laws of the state of Oklahoma when such offenses are committed within Garfield county. Since the record discloses that the charge against the defendant was filed in the county court of Garfield county, it was not necessary to allege that the county court was a court of competent jurisdiction. State v. Windell, 14 Okla. Cr. 77, 167 Pac. 640.

Defendant next contends that the district court of Garfield county had no jurisdiction for the reason that the county court of Garfield county was not actually in session on the 25th day of June, 1924, and therefore had no power at such time to try and convict defendant, and

that any purported judgment rendered by such court on said date was void. The following entry appeared on the journal of the county court: "Now, on this 5th day of April, 1924, the same being one of the regular days of the April, 1924, term of the county court, court adjourned sine die." This contention might have some force if it were a fact that on the 5th day of April, 1924, the April, 1924, term of the county court of Garfield county was adjourned sine die. But the fact is that on that date the January, 1924, term of the county court was adjourned. This court will take judicial notice of the fact that the April terms of the county courts in this state convene on the first Monday in April, and that the first Monday of April, 1924, was on the 7th day, and therefore the April term of the county court of Garfield county did not convene until the 7th day of April. Furthermore, the record in this case shows that the county court did open a term of court on the 7th day of April, 1924. It appears from the record that the clerk of the county court, in entering the sine die order of adjournment, wrote the word "April" instead of "January," and that in truth and in fact the April, 1924, term of the county court was not adjourned as contended by the defendant.

Finally, it is contended that the judgment and sentence of the court is excessive. We are of the opinion that the end of justice will be met by reducing the punishment from 2½ years' imprisonment in the state penitentiary and a fine of $500, to 1½ years' imprisonment in the state penitentiary and a fine of $500.

For the reasons stated, the cause is affirmed, and the judgment modified to imprisonment in the state penitentiary at McAlester for a period of 1½ years and a fine of $500.

EDWARDS, P. J., and DAVENPORT, J., concur.