## OLIVER BROOKS v. STATE.

No. A-9008.    Sept. 4, 1936.
(60 Pac. [2d] 805.)

Walter Hubbell and Toby Morris, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore and Jess L. Pullen, Asst. Attys. Gen., for the State.

DAVENPORT, J. The plaintiff in error was convicted in the district court of Cotton county, of rape in the first degree, and sentenced by the trial court to serve a term of 25 years in the State Penitentiary at McAlester. The parties in this case will be referred to as they appear in the trial court.

The testimony shows that on the 9th of November, 1934, Charlie Mason, with his wife and two children, one aged three and the other four months, lived three and a half miles west of Temple, in Cotton county, Okla.; on the 9th of November, 1934, Charlie Mason was away from home; his wife and two children were at home. The defendant in this case was in the neighborhood where the

Mason family lived; some time during the day the defendant and a man by the name of Frank Enoch were driving and the defendant demanded Enoch to stop the car when they came to the Charlie Mason home; the defendant went to the house and learned that Charlie Mason was not at home, and came in the house claiming he wanted a drink; the wife testified he finally caught her and forced her through one room to another room where there was a bed, going into detail as to what took place; that he knocked her down, and she kept fighting and hollowing and trying to get away from him; he finally got his hand on her throat and forced her down on the bed; with her resisting with all the force she possibly could, he committed rape by forcibly and against her will penetrating her body and having sexual intercourse with her. Immediately after the defendant left the place Mrs. Mason took her two children and went to the home of a neighbor and there told the neighbor what had taken place.

An examination of Mrs. Mason disclosed there were scratches on her face and neck. She was examined by a doctor who testified there were some scratches on her limbs and near her private parts. Mrs. Mason did not know who the man was, but advised the parties he went to another neighbor's house and had been in and around the community, and in that way the officers learned who he was. When Mrs. Mason was taken to the jail she immediately identified the defendant as the man who raped her.

The defendant denies he had anything to do with the prosecuting witness, Mrs. Pearl Mason, the wife of Charlie Mason, and denies positively he raped her. The defendant admitted he had been in the neighborhood and visited a number of parties, and had visited two or more homes

near her that day; he was driving with another man, Frank Enoch; they were driving pretty fast, and when he told him to stop they had gone quite a distance past the Mason home, the testimony varying from 50 to 100 yards, when the car stopped; Enoch remained in the car and the defendant walked back to the Mason home. This the defendant admits. Mrs. Mason is positive this is the man that committed the outrage upon her, and the circumstances surrounding his action at the Mason home and the defendant admitting he went to the Mason home tend to corroborate the statements of Mrs. Mason that the defendant is the man who committed the outrage. The issue is squarely drawn between the prosecuting witness, Mrs. Pearl Mason, in which she testified the defendant is the man who came to her home and by force and violence, choking and striking her, had sexual intercourse with her against her will and consent. The defendant, on the other hand, denies he had sexual intercourse with the prosecuting witness, but admits his presence at the home, and the man who was driving the car does not know what took place at the home; the only thing he undertakes to say is that when the defendant came to the car, which was about 100 yards down the slope from the Mason home, he did not seem excited or in a hurry. This is in substance the testimony.

The defendant in his assignment of errors insists many errors were committed by the trial court, and that by reason of these errors his case should be reversed, insisting the court erred in refusing to give to the jury his requested instruction No. 1. The instructions given by the court have been carefully examined, and they correctly covered the law applicable to the facts in the case, and are as fair to the defendant as they are to the state.

The requested instruction No. 1 of the defendant is covered by the court's instructions, and the court did not err in refusing to give the instruction requested by the defendant. After an examination of the record, we find the court did not err in refusing to give instruction No. 2.

It is next insisted by the defendant that the court committed error in refusing to admit in evidence two letters offered by the defendant which related to a prior conviction where the defendant had been convicted of assault with intent to rape and served a term in the State Penitentiary. These letters were not material to the issue involved in this case and shed no light upon the facts in the case, and his contention that he was not guilty shed no light as to the guilt or innocence of the defendant, wherein he had been tried and found guilty and had served a term in the penitentiary. The state could only go into the question of his conviction, and if it went further than that in inquiring into the cause of the conviction, it was an immaterial and improper examination; but from an examination of the record, we do not find the state went so far in asking questions as to justify this court in reversing this case.

It is next urged by the defendant that the special prosecutor used language calculated to arouse the passion and prejudice of the jurors, and that by reason of the action of the special prosecutor he did not have a fair and impartial trial. This court has carefully read the stipulation attached to the case-made, as to what was said by the special prosecutor in his argument, and while several of the statements were not material in presenting the argument of the state, the special prosecutor was summing up the evidence, and his argument cannot be considered such a prejudicial error as would warrant this court in reversing the case.

It is not deemed necessary to prolong this opinion further than to say the issues are squarely joined in the evidence, the state showing conclusively by Mrs. Mason that the defendant was the man who raped her. The defendant denying he raped the prosecuting witness, but admitting he had gone to the home of the prosecutrix and went in. Conflicting issues of fact are for the sole determination of the jury. Section 3062, O. S. 1931; Adams v. State, 54 Okla. Cr. 363, 21 Pac. (2d) 1075; Calvert v. State, 10 Okla. Cr. 185, 135 Pac. 737.

Where the state's evidence is sufficient, a judgment on conflicting evidence will not be reversed. Taylor v. State, 21 Okla. Cr. 351, 207 Pac. 746.

Before a conviction will be reversed as contrary to the evidence, it must appear there is no testimony in the record from which the jury could rationally conclude the defendant was guilty, unless it appears that the jury was influenced by improper motives. There is nothing in the record showing the jury was influenced by improper motives.

The court in its instructions correctly advised the jury as to the law. The defendant was given a fair and impartial trial. Finding no errors in the record warranting a reversal, the judgment of the trial court is affirmed.

DOYLE, J., concurs. EDWARDS, P. J., not participating.