## CARR et al. v. STATE.

No. A-11148.  March 22, 1950.

(216 P. 2d 333.)

Judd L. Black, Oklahoma City, for plaintiffs in error.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

POWELL, J. The appellants, Glenn Adrian Carr and Archie McGlasson, were convicted by a jury in the district court of Canadian county, where the case had

been taken on a change of venue at instance of said persons, of the crime of burglary in the second degree, after former conviction of a felony, with punishment fixed by the jury at a term of 25 years each in the State Penitentiary.

The information charged that the offense was committed in Oklahoma county on the 17th day of December, 1947, by burglarizing the Ozark Drug Store, located at 2408 North Robinson, in Oklahoma City. The defendants were charged with acting conjointly and together. The information further alleged nine previous convictions of felonies by McGlasson and seven by Carr. At the trial neither of the defendants testified or offered evidence. They rested their case on a demurrer to the state's evidence.

The proof by the state showed that the burglary in question was committed about 1:30 a. m. on December 17, 1947, and that the defendants were arrested by Oklahoma City police officers while defendants were in the act of committing the burglary.

Harold Lee testified that he was a special officer, merchant police, in Oklahoma City, and on duty at the time of the burglary in question; that he was walking down an alley separating the Ozark Drug Store from the Macklenburg Supply Company building, and heard a pounding noise. That there were four windows in the drugstore, built about nine feet up from the ground; that a pane of glass was gone from one of the windows, and he heard somebody pounding inside. He then went to a nearby building and asked the nightwatchman there to call for help over a portable radio he had. Police officers responded in a minute or so and the entrances to the Ozark Drug Store were covered by the officers.

The evidence developed that a number of police officers responded to the call and that the owner of the drugstore, Mr. Swain, was called, and that while the officers were waiting, those at the front saw a man moving around inside the drugstore. Officers Jordan, Merz, and Williams were at the back door, with Merz on the roof. Some ten or fifteen minutes after the officers arrived the defendant Glenn Adrian Carr came out, followed by the defendant McGlasson, with their hands up. A saw with extra blade was found in one of Carr's pockets. The defendants were handcuffed and taken back in the drugstore, and there the officers found three punches, two screw drivers, chisels, and a sledge hammer and crowbar scattered over the floor around the safe. The upper left-hand corner of the safe had been punched and the knobs knocked away.

S. E. Swain testified that he was the owner of the premises in question and which he described as the Ozark Pharmacy, and located at 2408 North Robinson; that about 20 minutes before 2 o'clock the morning of December 17th, he was called by the officers. He went to his place of business and found the officers there and that his place of business had been broken into; that he unlocked his front door and found 15 or 20 officers and the two defendants, who were handcuffed, in the back of the store. He found also a hole had been cut in his ceiling and roof, and testified there was a steep drop where one coming through the hole could let themselves down. He had a safe there behind the prescription case and the nickel pieces were knocked off, including the combination and handles, and the top of the door was bent down, so that he thereafter had to purchase a new safe. He stated that he had around $300 in money and quite a lot of narcotics in the safe; that various tools, not belong-

ing to him, were scattered over the floor around the safe. He testified that someone unknown to him had placed a ladder atop a coke box at the rear of his store, and that access to the roof could be gained by use of the ladder.

Counsel for defendants in error in petition in error sets out 20 specifications of alleged error, which are argued in the brief under three propositions, which we shall consider in order. Counsel states:

"It is obvious from the outset that the defendants were guilty of an offense, however, we say that this record reflects that the defendants were deprived of a fair and impartial trial."

Complaint is made of questions propounded to prospective jurors by the prosecution on voir dire, particularly the following:

"If the State of Oklahoma proves to your mind beyond a reasonable doubt the guilt of these defendants, you will vote to convict them, and if you are convinced beyond a reasonable doubt after you have heard all of the evidence in the case that these defendants are guilty, as charged, would you vote to convict them?"

And further:

"Now, his honor will state, in his instructions, the law in this case as to the punishment which carries a minimum of ten years and a maximum of life, and after you have heard all of the facts in the case and the circumstances and the evidence, if you thought the facts justified it, would you inflict the maximum penalty in this case?"

This case was filed under the provisions of Tit. 21 O. S. A. § 51, commonly called "The Habitual Criminal Statute," and we find nothing unfair in the voir dire examination complained of, in that the purpose of the allegations of a prior offense or offenses, goes to the pun-

ishment, and the county attorney had a right to find out from the prospective juror, if he would be willing to inflict added punishment to the crime charged, as provided by the statute, should the evidence justify. We do not find where the principle of law stated in Kizer v. State, 67 Okla. Cr. 16, 93 P. 2d 58, cited by defendants, was violated. The second paragraph of the syllabus reads:

"Examination of juror on voir dire is for purpose of ascertaining when a cause of challenge exists and of ascertaining whether it is wise or expedient to challenge peremptorily."

It is next objected that:

"And thereafter the state proved 16 former convictions against the defendants before introducing any evidence whatsoever to connect the defendants with the alleged crime of burglary, as set forth in the information."

Mr. S. E. Swain, the owner of the Ozark Drug Store, shown to have been burglarized, first testified, and though standing alone such evidence fell short of making out a prima facie case against the defendants, we cannot see where the defendants were prejudiced by the court permitting the state to thereafter prove the prior offenses alleged, before the evidence of the officers, who caught the defendants in the act of burglarizing the drugstore, was offered. This appears to be a highly technical objection, and without merit. This court held in Mathies v. State, 56 Okla. Cr. 308, 38 P. 2d 588:

"The order in which testimony shall be produced rests largely in the discretion of the trial court."

We do not find that the court abused its discretion.

The next main proposition advanced by defendants is:

"Where the accused is on trial as a subsequent and second offender and he timely admits and acknowledges to the court an alleged prior conviction of a felony and

properly acknowledges and fixes his status as a subsequent and second offender, and when the State has proved a prior conviction of the accused, as alleged in the information, then there is no further issue on the question of 'former conviction', and the continued offer by the State of other and different convictions constitute an attack by the State on the character of the defendant, contrary to the settled law of this State."

This question has heretofore been considered by this court and held contrary to the contention of counsel for defendants in the case of Solomon v. State, 79 Okla. Cr. 93, 151 P. 2d 944, 945. There the defendant was tried and convicted of the crime of receiving stolen property, after proof of two former felony convictions, and was sentenced to serve a term of six years in the penitentiary. There, as here, the prosecution was based upon Tit. 21 O. S. A. § 51. In that case it was held:

"Under 21 Okla. Statutes 1941 § 51, it is proper to charge in the information one or more offenses of prior conviction, and offer proof to sustain the same.

"The above statute does not define a new and independent crime, but provides that when one is found guilty of a specific crime, he may be more severely punished because of his previous conviction as alleged and found."

In the body of the opinion, the court says:

"It will be noted that two former convictions of a felony are alleged, one in the district court of Tulsa county, and one in the United States District Court for the Northern District of Oklahoma.

"It is contended by the defendant that it was improper to allege in the information more than one prior conviction, and that by reason of this being done, defendant's character was put in issue, without him first having put it in issue.

"We have examined the authorities, and do not find that this exact question has ever been passed upon by this Court. * * *

"If the defendant had been previously convicted more than one time, we see no reason why it might not be alleged and proven. We can see how this proof would be detrimental to a defendant, but this statute was evidently enacted for the very purpose of making it harder for those who had theretofore been convicted of a felony, and served a term in the penitentiary."

In the case of Scott v. State, 85 Okla. Cr. 213, 186 P. 2d 336, 342, the rule in the Solomon case was approved. In the body of that opinion, this court said:

"It is next contended that the trial court erred in not striking from the information all of the allegations of the information which charged more than one prior conviction of the defendant. The information charged the defendant with prior conviction of three felonies.

"This contention of defendant has heretofore been decided adversely to him in the case of Solomon v. State, 79 Okla. Cr. 93, 151 P. 2d 944, 945, wherein this court stated:

" 'Under 21 Oklahoma Statutes 1941 § 51, it is proper to charge in the information one or more offenses of prior conviction, and offer proof to sustain the same.' "

Counsel cites the case of Davidson v. State, 82 Okla. Cr. 402, 171 P. 2d 640, 642, as supporting in principle his contention that evidence of former conviction or convictions tends to bring in evidence the character of the accused. No doubt as an incidental matter this is true. However, we are here dealing with a statute, Tit. 21 O. S. A. § 51, and the purpose of the statute is clear,—to make it harder for those who have previously been convicted of a felony or felonies and who have served in the penitentiary. The function of this court is not to legislate, but to interpret.

The above-cited case does not apply here, because it specifically holds that there can be no cumulative punishment in a capital case, where the accused would be guilty of murder or nothing, and in such a case the statute in question does not apply, and to set out other convictions, under such a circumstance, would prejudice the rights of the accused, as evidence of such conviction or convictions would tend to show the bad character of the accused. On the other hand, where it is proper to allege and prove prior convictions of a felony or felonies, the rule is different. Said the court in the body of the opinion:

"Trial court may admit evidence of former conviction in murder prosecution where plea of self-defense is interposed and evidence of state shows that included offense of manslaughter in the first degree must be submitted to the jury, provided said prior conviction is charged in the information."

The case of Johnson v. State, 79 Okla. Cr. 71, 151 P. 2d 801, is cited by the court, and that case goes into the question here raised in some detail and may be referred to by those further interested in the subject. The defendant there was charged and convicted of murder. The killing was admitted, but the plea was that of self-defense. The court, under the record, was bound to submit to the jury, not only the charge of murder as alleged in the information, but, also, the included and lesser offense of manslaughter in the first degree.

Finally, the defendants argue that the convictions were not obtained in accordance with due process of law. Counsel says that the court erred in overruling the demurrer to the information, first, on the ground of failure to allege that the previous convictions were obtained in courts of competent jurisdiction.

By provision of Tit. 22 O. S. A. § 411, it is provided in substance that matters of which the courts take judicial notice need not be stated in the information.

In Leasure v. State, 46 Okla. Cr. 70, 283 P. 1023, 1025, a case in which the defendant was tried and convicted of a second and subsequent violation of the prohibitory liquor laws, this court held that it was not necessary to allege in the information that the former conviction was had in a court of competent jurisdiction. In the body of the opinion, we said:

"* * * The information alleges that the defendant was convicted in the county court of Garfield county of the crime of having possession of intoxicating liquors with the unlawful and wrongful intent to barter, sell, or otherwise furnish the same to others. This court takes judicial notice that the county court of Garfield county has jurisdiction to try persons charged with the violation of the prohibitory liquor laws of the state of Oklahoma when such offenses are committed within Garfield county. Since the record discloses that the charge against the defendant was filed in the county court of Garfield county, it was not necessary to allege that the county court was a court of competent jurisdiction. State v. Windell, 14 Okla. Cr. 77, 167 P. 640."

The defendants cite Fowler v. State, 14 Okla. Cr. 316, 170 P. 917, 918, as sustaining their position that it is necessary to allege: "and that the person charged has been convicted in a court of competent jurisdiction." In that case the county attorney failed to include in the information allegations of fact setting forth that the offense charged was a second or subsequent violation of the law, and failed to show that defendant had been convicted. It was alleged that defendant had pleaded guilty, but it was not stated that any judgment was ever entered. There were also other defects. However, by reason of the later case of Leasure v. State, supra, we do not

find that the omission of such allegation constitutes reversible error herein.

As a second ground in support of the demurrer to the information, counsel says:

"That said information alleged that Archie McGlasson had been convicted of the crime of violating the Federal Narcotic Act, 26 U. S. C. A. §§ 2550 et seq., 3220 et seq., but did not allege that said conviction was a crime punishable by imprisonment in the State Penitentiary."

The information complained of stated in effect that the conviction in the Federal court was an offense punishable by imprisonment in the Federal Penitentiary. The pertinent portion reads:

"And the said offense of burglary in the second degree, being punishable by imprisonment in the State Penitentiary, and having been committed by the said defendant, Archie McGlasson, as above set out, after having been convicted of the crime of violating the Federal Narcotic Act, on the 19th day of June, 1946, in Oklahoma County, State of Oklahoma, before the Western District United States Court in and for the Western District of the State of Oklahoma, being case No. 15,201, and said former conviction of violating the Federal Narcotic Act being a crime punishable by imprisonment in the Federal Penitentiary; * * *."

Based on the facts alleged in the Federal indictment, the defendant could have been convicted under the laws of this state for a violation of the Uniform Narcotic Drug Act, 63 O. S. A. §§ 401-424, and could have been sentenced to serve a term in the State Penitentiary.

In Newton v. State, 56 Okla. Cr. 391, 40 P. 2d 688, this court held:

"A prior conviction in a United States court of a crime which, if committed within this state, would be punishable by imprisonment is a sufficient basis for a

prosecution of a subsequent charge, as a second offense, under section 1820, Okla. Stat. 1931 [21 U. S. 1941, § 54], which imposes heavier penalties for persons who have prior thereto been convicted of such a crime in any other state, government, or country."

Also, Tit. 21 O. S. A. § 54 provides:

"Every person who has been convicted in any other State, government or country of an offense which, if committed within this state, would be punishable by the laws of this state by imprisonment in the penitentiary, is punishable for any subsequent crime committed within this state, in the manner prescribed in the last three sections, and to the same extent as if such first conviction had taken place in a court of this State. R. L. 1910 § 2808."

The prosecution identified the defendant McGlasson, as being the person convicted under the Federal charge above mentioned, and proved that he was committed to the Federal Correctional Institution at Texarkana, Texas, following conviction. We therefore hold the allegation sufficient.

It is next contended that the allegations in the information that the defendants burglarized the "Ozark Drug Store" was a fatal variance from the proof. The information alleged that the defendants did "break and enter a one-story brick building, the Ozark Drug Store, located at 2408 North Robinson, in Oklahoma City, said county and state, which said building was then and there under the control of and in the possession of the Ozark Drug Store, individually owned by S. E. Swain," etc.

When Mr. Swain was on the witness stand he testified to responding to the call of the officers about 20 minutes before 2 o'clock in the morning of the burglary, and coming to his place of business and unlocking the front door and letting in the officers who were at the

front; that he found other officers in the rear of his place, and that the defendants were there, and handcuffed. He identified the address as 2408 North Robinson, Oklahoma City, as alleged in the information, but did refer to his business as "Ozark Pharmacy." Under the facts proven on trial, we conclude that the defendants were not misled by this discrepancy, and that the variance was not material. Counsel does not even suggest that defendants were misled. Webster defines a pharmacy as: "4. A place where medicines are compounded or dispensed; a drug store; an apothecary's shop."

This court has held, in O'Neil v. State, 76 Okla. Cr. 107, 134 P. 2d 1033:

"A variance between the allegations of the information and the evidence is not material unless it is such as might mislead the defendant, or expose him to the injury of being put twice in jeopardy for the same offense."

Counsel contends that many of the exhibits admitted in evidence in proving former crimes were mere copies of the informations, judgments and sentences. He particularly identifies Exhibits 30, 31-32, 33-34, and 35-36. We have examined the record and do not find where in the trial complaint was made to the introduction of these instruments on the ground that they were not properly certified to, or were not the originals. By provision of Tit. 12 O. S. A. § 502, the originals were admissible. Witness Cliff Myers, Oklahoma county court clerk, identified Exhibit 30 as the judgment and sentence in Case No. 11,-879. There is nothing in the record to indicate that it is a copy. On the other hand, the witness did identify Exhibit 32 as being a certified copy of judgment and sentence, and we find the same to be certified by Cliff Myers, court clerk. The other exhibits referred to were not identified as being copies, certified or not certified, but "a

judgment and sentence" or "final information", as the case might be. We conclude that the exhibits were properly admitted in evidence. Further, by reason of the fact that one or more offenses might be charged, as heretofore held, proof of one additional offense would be sufficient, and the defendants do not complain of the manner of proof of every additional offense.

Defendant's final contention is that the court erred by failure to give their requested instructions Nos. 1, 2 and 3. We have examined the requested instructions, and it is apparent that defendants were entitled to have the same given as submitted, or to have substantially the same subject matter covered by the general instructions given. A careful reading of the instructions given discloses that this was done. We have held this to be sufficient in Brooks v. State, 59 Okla. Cr. 421, 60 P. 2d 805, 806, wherein we said:

"Where the court in its general instructions correctly advised the jury as to the law applicable to the facts in the case, it is not error for the court to refuse to give special instructions requested by the defendant covered by the court's instructions."

For the reasons stated, the judgment and sentence of the district court of Canadian county is affirmed.

JONES, P. J., and BRETT, J., concur.