Kenneth W. CLORE, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–12118.

Criminal Court of Appeals of Oklahoma.

March 16, 1955.

Rehearing Denied April 27, 1955.

Appeal from the District Court of Garvin County; Lavern Fishel, Judge.

The plaintiff in error Kenneth W. Clore, defendant below, was convicted for the crime of larceny of an automobile, sentenced to 10 years in the State Penitentiary, and he appeals. Affirmed.

Carroll J. Moody, W. G. Long, Pauls Valley, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

The Plaintiff in Error, Kenneth W. Clore, defendant below, was charged in the District Court of Garvin County, Oklahoma, with having committed the crime of larceny of an automobile, a certain 1952 Dodge Pickup Truck, in violation of T. 21, § 1720, O.S. 1951, as a second and subsequent offense, the information alleging two prior convictions of larceny of automobiles. T. 21, § 51, O.S.1951. The crime was allegedly committed on or about September 21, 1953, in said County and State. The defendant was tried by jury, convicted, his punishment fixed at 10 years in the penitentiary; judgment and sentence was entered thereon, from which this appeal has been perfected.

The defendant contends first:

"The information was insufficient in law to charge the defendant with a second and subsequent offense for the reason that there is no allegation that the prior conviction was in a court of competent jurisdiction; and in the information filed herein, there was no allegation that Kenneth Clore was being tried under a second and subsequent offense as defined by § 51, T. 21 of the Oklahoma Statutes Annotated, 1951, as was stated by the Court in the case of Fowler v. State, 14 Okl.Cr. 316, 170 P. 917–918."

That portion of the information on which this objection is predicated reads as follows, to-wit:

"That said Kenneth W. Clore was informed against by information in the District Court of Garvin County duly filed on the 9th day of November, 1943, by M. J. Ewert, for the crime of larceny of an automobile, and that on the 9th day of November, 1943, the said Kenneth W. Clore personally appeared in open Court and upon his plea of guilty to said information, his punishment fixed at imprisonment in the State Penitentiary for a period of five years, and

"That thereafter and on the 2nd day of January, 1952, Kenneth W. Clore was informed against by information in the District Court of Garvin County, duly filed in said Court on said date by Gilmer Long, Jr., for the crime of larceny of an automobile, and that on the 2nd day of January, 1952, the said Kenneth W. Clore personally appeared in open Court and upon his plea of guilty to said information, his punishment fixed at imprisonment in the State Penitentiary for a period of three years, against the peace and dignity of the State."

To support this contention defendant relies on the Fowler case, supra. In the Fowler case, supra, it was held an essential allegation under the second and subsequent offense, Statute, supra, was that the prior conviction had been obtained in a court of competent jurisdiction. This contention was repudiated in Littlejohn v. State, 32 Okl.Cr. 401, 241 P. 210, wherein it was held, though it is better practice to allege the former conviction was in a court of competent jurisdiction, the failure so to do does not render the information fatally defective, if from the facts plead, it appears the prior conviction was in a court of competent jurisdiction, Carr v. State, 91 Okl.Cr. 94, 216 P.2d 333; Leasure v. State, 46 Okl. Cr. 70, 283 P. 1023–1025. In this connection, the defendant further alleges that the information was defective for failure to specifically and definitely allege that this was a second and subsequent offense. Likewise, we do not believe that such constitutes an essential allegation to such a charge, if from all the facts plead it clearly appears such is the case. In Littlejohn v. State, supra [32 Okl.Cr. 401, 241 P. 212], it was further held:

"In the instant case the information, while by no means a model pleading, is not subject to the objections directed at the informations in the cases of Tucker v. State [14 Okl.Cr. 54, 167 P. 637], and Fowler v. State, supra, since the information here definitely describes the particular offense for which the defendant had previously been convicted. It also alleges that upon the plea of guilty entered by the defendant in the former conviction, the defendant was by the court sentenced to the penitentiary; which allegation is in substance that judgment was by the court entered upon the plea of guilty. * *

"It is not essential that the information should plead the record in the former conviction. That is, it is not essential that it set out the information, plea of guilty, or the verdict of the jury and the judgment of the court. It is sufficient on this point if it definitely and certainly pleads a prior conviction in a court of competent jurisdiction of a specific violation * * *."

█ Such is the import of the pleading of the prior conviction herein. While it would have constituted better pleading to have alleged specifically that the defendant was being tried as a second and subsequent offender, the information as a whole so indicated. The defendant could not have been misled, for the information pleads a particular offense, and alleges that upon a plea of guilty entered by the defendant, the court fixed the punishment at a specified number of years, which latter allegation is in substance that the judgment by the court was entered upon the plea of guilty. Rheuark v. State, 78 Okl.Cr. 121, 144 P.2d 754, holding an information charging a defendant under the provision of T. 21, § 51, O.S. 1951, with a prior conviction which apprises the defendant of the nature of the charge, and the court of the date thereof, in which the defendant had been previously convicted is sufficient. In Bird v. State, 85 Okl.Cr. 313, 188 P.2d 242, 245, it was said that "while not in direct language [the cases of Tucker v. State, and Fowler v. State, su-

pra] have practically been overruled by the case of Littlejohn v. State [supra]." Herein, there was sufficient historical facts alleged in the information, to establish the defendant's prior convictions, and that is all the law requires.

Johnson v. State, Okl.Cr.App., 253 P.2d 179, 180, cited and relied upon by the defendant, is not in point. In said opinion, it clearly appears, that as to the prior conviction the information therein alleged only,

"'* * * after being formerly convicted of operating a motor vehicle while under the influence of intoxicating liquor upon the public highways of the State of Oklahoma.'"

No such relation of historical facts was made in Johnson v. State, supra, as appears in the information herein. We are therefore of the opinion that the information herein sufficiently alleged that prior convictions make out a case under the provisions of T. 21, § 51, O.S.1951.

█ In this same connection its is contended by the defendant that there was no proof of the prior convictions. It appears from the record that when proof of the prior convictions was tendered through the court clerk, that the following proceedings were had:

"By Mr. Moody, of Counsel for Defendant: If the Court please we will stipulate with the County Attorney as to the record. That the record speaks the truth, and that the defendant has hereto entered his plea of guilty to the charges alleged in the information.

"By the Court: Gentlemen of the jury, it is hereby stipulated by the Attorney for the defendant, Mr. Moody, and Mr. Burger, County Attorney, that the former convictions as set out in the Information, first on the 9th day of November, 1943, and the conviction set out by the State in the information on the 2nd day of January, 1952, are true and correct according to the records as reflected in the Court Clerk's office of Garvin County, Oklahoma. It is further stipulated by the defendant that these records may be admitted in

evidence and are admitted in evidence without objection by the defendant without further identification.

"By Mr. Moody, of Counsel for Defendant: And it was on a plea of guilty in each instance.

"By the Court: And you also admit that Kenneth W. Clore is the same person who entered the pleas of guilty in these cases as set out in the information.

"By Mr. Moody, of Counsel for Defendant: Yes, that is right, he is the same person."

We are of the opinion that the foregoing stipulation and admissions were sufficient to obviate the necessity of further proof of the prior convictions. In all the foregoing cases it has been held that prior convictions must both be alleged and proved, but the stipulation herein avoided the necessity of specific proof. All the essential historical facts alleged in the information were admitted to be true. The records in support of the same were admitted in evidence, as well as the identity of the defendant herein, being the same person as the defendant in the prior convictions. The essential facts necessary to the application of the provisions of T. 21, § 51, O.S.1951, could not have been more definitely established. We are therefore of the opinion that not only the allegations of the information as to prior convictions was sufficient, but that the stipulation, the exhibits, and the admission as to identity supplemented the necessity of proof as to such matters.

The defendant's final contention is that instructions 5 and 6 were erroneous. These instructions deal with the offense charged, and the prior convictions plead. Apparently this contention is predicated on the defendant's first contention. If the information had not plead sufficient historical facts, to support the proof of the prior convictions, this contention would be good, for under such conditions it would have been erroneous to instruct upon the propositions of prior convictions, but this point being predicated on the first proposition which we have held to be without merit, must obviously likewise fail.

For all the above and foregoing reasons, the judgment and sentence herein imposed is accordingly affirmed.

JONES, P. J., and POWELL, J., concur.