# WEATHERSBY v. STATE.

No. A-11247.   Oct. 4, 1950.

(223 P. 2d 152.)

Robert E. Fraley, Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

POWELL, J.   The plaintiff in error, LeRoy Weathersby, hereinafter referred to as defendant, has appealed to this court from a judgment of conviction and sentence of imprisonment in the State Penitentiary at McAlester, for a period of nine years, rendered on a charge of larceny of an automobile, in Oklahoma county.   Defendant was tried in the district court of Oklahoma county before a jury, with sentence left to be fixed by the court.

Petition in error and case-made were filed herein on May 21, 1949, and under the rules of this court,. a brief in support of petition in error should have been filed within 60 days, but on July 20, 1949, defendant was

granted 60 days additional time in which to file brief, and on June 28, 1950, the case was set for oral argument, but was submitted on the record, and no briefs have been filed. This court has held in a long line of cases that where defendant appeals from judgment of conviction and no briefs are filed or argument presented, Criminal Court of Appeals will examine the evidence, not to discover errors in admission or rejection of testimony, but only to ascertain if it supports the verdict, and examine the pleadings, instructions, and judgment, and, if no material error is apparent, judgment will be affirmed. Whitlow v. State, 85 Okla. Cr. 2, 184 P. 2d 253; Long v. State, 84 Okla. Cr. 445, 184 P. 2d 119; Woods v. State, 92 Okla. Cr. 53, 220 P. 2d 463.

The record discloses that J. E. Smith, a resident of Oklahoma City, was the owner of a Tudor Plymouth, Coach type automobile, light green color, 1948 model, 1948 tag 1-33242; that on December 9, 1948, about 5:00 p. m., he parked it behind 205 Couch Drive near the Western Bank & Office Supply Company, Oklahoma City; that when he returned about 10:45 the same evening his car was gone, and that he immediately reported the matter to the Oklahoma City Police Department. Mr. Smith testified that thereafter the police had him to go to Dent's Garage, on West Main street, Oklahoma City, to identify his car, and there he found it, and in bad condition, body bent on driver's side, front end and rear fender marred and bent up, and that it had been driven without oil. He stated that he went to the police station and asked to talk to the man said to have been found with his car, and that he was taken to a man (whom witness pointed out in the courtroom) and being the defendant. Witness stated:

"I asked him how far he had driven the car without any oil, and he said he had first noticed the oil gage not working that morning at Tenth and Bryan, and then he said he drove the car east of Oklahoma City to a point south of Shady Nook Service Station, and back over to where the police caught him."

Wayne H. Johnson, of the Oklahoma City Police Department, testified that on December 13, 1948, he was driving with Officer Martin near Twenty-Third and North Eastern in a scout car and he got a radio message: "Going south on Douglas Boulevard from Northeast Twenty-third, a green Plymouth Coach, '48 Model, and a stolen tag number." He testified that he continued driving south from Twenty-Third on Eastern to Tenth street, and there saw coming from the east the car described. That it was driven off on the north side of the street and a colored man got out of the car; that he drove to where the car was and jumped out and his partner checked the tag number, and told him it was the right number; that the man ran around back of a building and attempted to hide, and that he had followed wide so as to keep him in sight, and that he arrested the defendant, whom he pointed out in the courtroom, and whom he identified as the man who was driving the Plymouth car, reported stolen. He further testified that he asked defendant where he had stolen the car, and he stated that he got it in the 200 block, on Couch Drive. Witness testified that there was no key in the switch on the Plymouth, but that it had been wired around the ignition, behind the panel, and that the car looked as if it had collided with something, and that defendant told him he had fallen asleep at the wheel and ran into a bridge.

Officer E. L. Martin, the partner of Officer Johnson, testified substantially as Mr. Johnson, but stated additionally that the defendant asked him to shoot him, that

he was not going to jail, and that defendant attempted to escape.

B. F. Cravatt of the Detective Bureau, Oklahoma City Police Department, testified that he questioned defendant after his arrest, and that he admitted to him that he stole the car in question, and further signed a written confession, but the court sustained an objection of counsel for defendant to its introduction in evidence.

The defendant did not testify, but Eva Willis testified for him, stating that she was his girl friend, lived at Spencer and that defendant on December 12, 1948, accompanied by a boy by the name of Albert Ammon, drove her to Seminole in a light green Plymouth automobile to visit his relatives, and returned her the night of the same day, after midnight.

Albert Ammon testified that he operated a cafe at Green Pastures, near Spencer, and that he accompanied the defendant and Eva Willis to Seminole in the green Plymouth car on December 12, 1948, and that the defendant told him that the car belonged where he worked and did not claim ownership.

This was the extent of the evidence on behalf of the defendant, and how it could have been calculated to help him is a mystery. Yet the state, ever insistent that an accused have his day in court, paid for the record for this appeal.

Counsel in petition in error complains that the court erred in not giving certain requested instructions. We have carefully examined the requested instructions and the instructions given, and find that the court did not err by failure to give the instructions requested. The instructions given were liberally favorable to defendant,

considering the absence of any evidence that would in any way constitute a defense. Also, the court was most careful in his rulings and the defendant had a fair trial, and the evidence of defendant's guilt was overwhelming and supports the jury's finding that defendant was guilty of the crime charged. The judgment of the district court of Oklahoma county is affirmed.

JONES, P. J., and BRETT, J., concur.