# PATTERSON v. STATE.

No. A-11833.   Oct. 7, 1953.

(261 P. 2d 903.)

Frank Limerick, Anadarko, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, J.   Floyd Patterson, plaintiff in error herein, defendant below, was charged by information in the district court of Caddo county, Oklahoma, with having committed the crime of assault with a dangerous weapon on September 21, 1951, upon one H. T. Burns with a certain knife, a dangerous and sharp instrument and weapon with which the said Floyd Patterson did strike, cut, stab and injure the said H. T. Burns with the felonious intent on the part of the said Floyd Patterson to do bodily harm and injury to the said H. T. Burns, all as contrary to law, Title 21, § 645, O.S.A. 1951.   The defendant was tried by a jury, convicted, his punishment fixed at 2 years in the pentientiary and judgment and sentence entered accordingly on the 23rd day of February 1952, from which this appeal was perfected herein on August 18, 1952.

The facts briefly are, that the defendant met the victim, H. T. Burns, at Bill Stanley's night club at Billsville, Oklahoma, located between Cement and Cyril, Oklahoma, in Caddo county, Oklahoma, about 3:20 on the date in question. There Patterson and another man by the name of Patton suggested they engage in a crap game.   The results were that Burns won $10 from Patterson, then Patton bet the $10 and Burns threw the dice again successfully, and picked up the money.   Patterson contended, however, that he did not make it and insisted that he give his money back.   Mr. Stanley came in at that time and suggested they could not argue inside his establishment.   Burns related that he stated he had to go.   He started out to his automobile and he was followed outside by Patterson and Patton.   As Patterson got in front of his automobile, Patton was coming out behind him.   Patterson had his knife open.   Patton said, "you are going to give that money back to us", and Burns said he was not in the habit of doing things like that and that he told Patton that the matter did not concern him, whereupon Patton struck him with his knife; Patterson also stabbed and hung his knife in Burns' side.   Both Patton and Patterson inflicted severe wounds upon him; one on his arm and the other the lower portion of his chest, and then Patton proceeded to knock him down, and as a result of the injury he lost 4 teeth.   Nobody inside of the tavern saw the altercation.   Mr. Stanley and a lady and a soldier, who was a corporal, came outside to the rescue of Mr. Burns. The corporal put a tourniquet on his arm, and the lady held the tourniquet until they could take him to the hospital.

The defendant, Patterson, denied that he either struck or cut Burns.   On cross-examination it was brought out going to the credibility of the defendant

Patterson, that he had been convicted of robbery with firearms for which he received a sentence of 13 years and which he served at the State Penitentiary at McAlester, and also brought out on cross-examination that he pleaded guilty to the crime of burglary, for which crime he received a sentence of 2 years in the penitentiary which he served.

This matter was filed herein on August 18, 1952, and set for oral argument on March 25, 1953, at which time the case was submitted upon the record. No briefs have been filed in support of this appeal. We have examined the record for fundamental error, and none appears therein. It has been held that under such conditions the judgment and sentence will be affirmed. Welborn v. State, 95 Okla. Cr. 130, 240 **P. 2d** 1130. Under such conditions we will examine the evidence, not to discover errors in the admission or rejection of testimony, but only to ascertain if it supports the verdict, and examine the pleadings, instructions, and judgment, and, if no material error is apparent, judgment will be affirmed. Woods v. State, 92 Okla. Cr. 53, 220 P. 2d 463; Weathersby v. State, 92 Okla. Cr. 311, 223 P. 2d 152; Whitlow v. State, 85 Okla. Cr. 2, 184 P. 2d 253. The record herein is sufficient to support the verdict of the jury and sustain the judgment and sentence herein imposed, and the same is accordingly affirmed.

POWELL, P. J., and JONES, J., concur.