Oren David MORGAN, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–12306.

Criminal Court of Appeals of Oklahoma.

June 27, 1956.

Oren David Morgan, pro se.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

POWELL, Judge.

Oren David Morgan was charged by information filed in the Superior court of Garfield County with the crime of passing a false and bogus check, after prior convictions of felonies. On motion of the county attorney, the case was transferred to the district court of Garfield County.

Counsel for the defendant filed an offer to stipulate that defendant had been convicted of one of the four crimes alleged in the information, and a motion that the court order stricken from the information allegations concerning all but one previous conviction. It was asserted that reference to more than one previous conviction under the habitual criminal statute, 21 O.S. 1951 § 51, subd. 1, would place defendant's character in issue, and would prejudice his rights. This offer to stipulate was by the court refused and the motion was overruled.

The defendant was tried before a jury. He did not testify, and offered no evidence. The jury found him guilty of the crime charged, but being unable to agree upon the punishment to be imposed, left

that to the court, who fixed the punishment at 15 years imprisonment in the State Penitentiary. The punishment could have been life imprisonment. See 21 O.S.A. § 1541; 21 O.S.1951 § 51, subd. 1.

■ The trial court appointed counsel for the defendant, and such counsel perfected the appeal to this court, but was not required to act further in the case. The fee of trial counsel was paid by the State, as was the expense of the record on appeal, and costs in this court. Under such circumstances, this court will examine the evidence, not to discover errors in the admission or rejection of testimony, but only to ascertain if it supports the verdict, and examine the pleadings, instructions and judgment, and, if no material error is apparent, judgment will be affirmed. Patterson v. State, 97 Okl.Cr. 252, 261 P.2d 903, and cases cited.

We have carefully examined the entire record, which developed that the defendant issued a check in favor of the McIntosh Motor Company, Enid, for $495 and received therefor a certain automobile. The check was by defendant signed C. E. Morgan, and drawn on the First National Bank of Enid. The check was paid but about an hour later the McIntosh Motor Company was called on to and did return the money, as the C. E. Morgan, to whose account the check had been charged, denied ever having signed the check in question. He testified and denied that he signed the check, and that he had ever authorized any one to draw the check and sign his name.

The undisputed evidence developed that defendant uttered the check in question and obtained an automobile on the strength thereof, and was given a bill of sale for the car. Several days later the defendant was arrested at Pawnee, and the car had been in a wreck. Defendant told J. M. McIntosh that "it was just one of those things", when questioned as to the check and the car deal.

The evidence developed, as alleged in the information, that the defendant had previously been convicted of embezzlement of an automobile in 1949, and that in 1950 he was in two separate cases again convicted of embezzlement of automobiles, and in 1955 for the fourth time was convicted of embezzlement of an automobile.

The questions raised by the petition in error have previously been determined adversely to the contentions of defendant. The question is raised as to whether or not the county attorney erred in listing in the information more than one previous conviction to support the prosecution under the habitual criminal statute, 21 O.S.1951 § 51, subd. 1.

We have said that this section does not define a new and additional offense, but merely provides conditions under which one convicted of a crime may be given a heavier penalty. Ex parte Wray, 61 Okl. Cr. 162, 66 P.2d 965; Sanders v. Waters, 10 Cir., 199 F.2d 317. Also that the habitual criminal statute is not unconstitutional as denying equal protection of the laws, as compelling accused to be a witness against himself, or as providing for cruel or unusual punishment. Ex parte Sanders, 95 Okl.Cr. 33, 238 P.2d 840, certiorari denied Sanders v. Waters, 342 U.S. 929, 72 S.Ct. 370, 96 L.Ed. 692.

■ The fact that more than one previous conviction was alleged in the information filed under provisions of 21 O.S. 1951 § 51, subd. 1, did not render it subject to demurrer, or require the court to strike from said information all allegations of more than one prior conviction. Ex parte Sanders, supra; Sanders v. Waters, supra; Scott v. State, 85 Okl.Cr. 213, 186 P.2d 336; Clore v. State, Okl.Cr., 282 P.2d 780; Carr v. State, 91 Okl.Cr. 94, 216 P.2d 333, 334, certiorari denied 240 U.S. 840, 71 S.Ct. 28, 95 L.Ed. 616. In the latter case, we said: "Under Tit. 21 O.S.A. § 51 it is proper to charge in the information one or more offenses of prior conviction, and offer proof to sustain the same."

Finding no fundamental error in the record, the judgment appealed from must be and is affirmed.

JONES, P. J., and BRETT, J., concur.