**Melford TIEYAH, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–12382.**

Criminal Court of Appeals of Oklahoma.

Dec. 19, 1956.

Lewis F. Oerke, Lawton, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

POWELL, Judge.

Melford Tieyah, plaintiff in error, was charged by information filed in the county court of Comanche County with driving a motor vehicle while under the influence of intoxicating liquor, was tried before a

jury, found guilty and his punishment fixed by the jury at a fine of $100, and ten days imprisonment in the county jail. The latter portion of the verdict is a statutory requirement on a verdict of guilty. 47 O.S.A. § 93. Appeal has been perfected to this court.

The petition in error with casemade was filed in the Criminal Court of Appeals on July 30, 1956. A brief was due to be filed, as required by Rule 6 of this court, amended May 1, 1955, 22 O.S.A. c. 18, Appendix. (See Okl.Dec. 280–282, XXVII), within twenty days from said date. No brief has been filed, and defendant has not filed written request for further time. The case was set on the December 5, 1956 docket of this court for oral argument. No one appeared.

By a long line of cases, this court has held that when no counsel appears and no briefs are filed, the court will examine the pleadings, the instructions of the court and exceptions taken thereto, and the judgment and sentence, and if no prejudicial error appears, will affirm the judgment. Fitzgerald v. State, 77 Okl.Cr. 409, 142 P.2d 131; Redding v. State, Okl.Cr., 301 P.2d 371; Morgan v. State, Okl.Cr., 298 P.2d 1091.

We have examined the pleadings, the instructions of the court and the exceptions taken thereto, and the judgment and sentence. Not only that, we have gone a step further and carefully examined the evidence. There were fact questions for the determination of the jury. The jury decided adversely to the defendant's contentions.

There was ample competent evidence to support the verdict. We find no error. The judgment must be, and is Affirmed.

JONES, P. J., and BRETT, J., concur.