Jack TREADWAY, Plaintiff in Error,

v.

STATE of Oklahoma, Defendant in Error.

No. A–12760.

Court of Criminal Appeals of Oklahoma.

Nov. 10, 1959.

Cecil E. F. Robertson, Muskogee, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

POWELL, Presiding Judge.

Jack Treadway was charged by information filed in the county court of Muskogee County with the possession of 226 bottles of assorted whiskies, gin and wine. A jury was waived, and in support of a motion to suppress the evidence, the defendant first introduced his evidence, and the State introduced evidence in rebuttal. It was then stipulated that the evidence heard on motion to suppress might be considered as the evidence on trial. The court thereupon overruled the motion to suppress, and an oral demurrer, and rendered judgment finding the defendant guilty of the crime charged, and assessed punishment at imprisonment in the county jail for a period of 60 days, and a fine of $100.

Petition in error and casemade were filed in this Court on April 25, 1959. By Rule 6 of this Court, a brief was due in 20 days thereafter, but within time defendant was granted 30 days additional time in which to file brief, but none was filed. The case was set down for oral argument, and on June 24, 1959 oral argument was waived and the case submitted on the record with provision that defendant might have 15 days further time in which to prepare and file brief. That time has expired and no brief has been filed.

We have carefully read the record and examined the search warrant involved. The search warrant described the premises to be searched as follows:

"A garage located in the rear and connected by door in rear of pool hall and also large door on north side of said building enters said garage.

**953**

'Said garage also joined on west side by cafe listed as White's Cafe, 328 North 2nd Street, and located on southeast corner of 2nd and Denison Streets, Muskogee, Oklahoma. Said pool hall numbered 326 North 2nd Street, Muskogee, Oklahoma. Garage contains stairway leading to upper floor of said building together with the curtilege thereof and the appurtenances thereunto belonging. That said building and premises are being used as a place of public resort and for the furnishing and storage of intoxicating liquor."

The evidence further showed that the officers had separate search warrants to search a specific room upstairs in the main building that was occupied by the defendant, and another to search the pool hall. But such warrants are not here involved. Of course where plural properties are occupied and operated by the same person they may be included in one search warrant. See Williams v. State, 95 Okl.Cr. 131, 240 P.2d 1132, 31 A.L.R.2d 851.

We find nothing wrong with the search warrant. The prosecution was using an abundance of precaution to avoid error.

However, the evidence disclosed the liquor was found on the stairway leading from the garage to the upstairs room of the defendant. When the officers served the several warrants on the defendant, the following took place, according to the undisputed testimony of Capt. Aubrey Chambers of the Muskogee Police Department:

"Mr. Oman and I were the initial officers in the building. We went in through the * * * wall, the main entrance. That's on the North Second Street side. Jack looked at me for a second or so. Barney had started to kind of look in behind a bar there and Jack said, 'Well'. he said, 'I might as well show you where it is and save time'. So Barney and I followed Jack out of the pool hall through a door into the garage area and there is an enclosed stairway. In other words, the stairway itself is enclosed within the garage with a door. Jack unlocked the door and said, 'Here it is.' and it was stacked along the steps."

■ This Court has uniformly held that where no brief is filed and there is no error apparent on the face of the record, judgment of conviction will be affirmed. Sisk v. State, 97 Okl.Cr. 229, 261 P.2d 629; Marshall v. State, 97 Okl.Cr. 398, 264 P.2d 770; Patterson v. State, 97 Okl. Cr. 252, 261 P.2d 903.

We fail to find error in the record. The defendant was given a fair trial.

Judgment affirmed.

NIX and BRETT, JJ., concur.