Raymond **RODRIQUES**, Plaintiff in Error,

v.

The **STATE** of Oklahoma, Defendant in Error.

No. A–13545.

Court of Criminal Appeals of Oklahoma.

Oct. 6, 1965.

Rehearing Denied Nov. 10, 1965.

See also Okl.Cr., 406 P.2d 505.

Ed Parks, Tulsa, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in ·error.

BRETT, Judge:

The appellant, Raymond Rodriques, was charged in the district court of Tulsa County with the crime of uttering a forged instrument, after former conviction of a felony. He was tried to a jury, found guilty, and his punishment fixed at from one to three years in the state penitentiary.

This appeal was filed in this court on June 25, 1964, and under the rules of this court, brief was due to be filed within thirty days thereafter. Defendant was granted two extensions of time to file brief, and the second extension expired on September 25, 1964. No brief has been filed, and no further extension requested.

■ No brief having been filed, under the rules of this court, the record will be examined for fundamental error, and if none is found, the judgment and sentence will be affirmed.

The proof of the state showed that the accused, a bricklayer, presented to a store of the J. C. Penney Company in Tulsa, a certain check dated July 29, 1963, made payable to Johnny Cullinan, in the sum of $75.43, drawn on the First National Bank and Trust Company of Tulsa, against the account of the V. H. Graham Construction Company.

When asked by the clerk for identification, the accused presented credit cards issued to John H. Cullinan by the Bell Telephone Company, and by the Hertz Rent-A-Car corporation. The clerk took the check and the credit cards to the manager of the store, who called the Bank, and then the police. The defendant was apprehended at the front door of the store, and held until the police arrived.

V. H. Graham testified that he conducted a business under the name of the V. H. Graham Construction Company in Tulsa for about ten years, but ceased to use that name in 1961, and that the bank account was closed at that time. He stated that for some time after the company was dissolved and the bank account closed, that there were some of the old checks that had been printed for the company around his office.

John H. Cullinan testified that on July 23, 1963 his trousers, containing his billfold, were stolen from his home in Tulsa.

He stated that he had $60 or $70 in cash in the billfold, and that it contained some other items, including a number of credit cards. He identified the two cards introduced in evidence in this case. He did not know, and had never seen the defendant.

The auditor for the First National Bank and Trust Company testified that the account of the V. H. Graham Construction Company was closed on or about July 1, 1961.

The defendant testified and offered an explanation of his possession of the check and credit cards, but his testimony was evidently not believed by the jury, who returned a verdict of guilty as charged; and on the second phase of the trial, second and subsequent offense, fixed the punishment of defendant at not less than one nor more than three years in the state penitentiary. Judgment and sentence was rendered in keeping with this verdict, and provided that the sentence should run concurrently with that in case No. 20182 in the district court of Tulsa County, in which judgment was rendered against this defendant on the same day.

We have examined the record for fundamental error, and fail to find any such error therein. We have repeatedly held that under such conditions the judgment and sentence will be affirmed. Welborn v. State, 95 Okl.Cr. 130, 240 P.2d 1130. Under such conditions we will examine the evidence, not to discover errors in the admission or rejection of testimony, but only to ascertain if it supports the verdict, and examine the pleadings, instructions, and judgment, and if no material error is apparent, the judgment will be affirmed. Woods v. State, 92 Okl.Cr. 53, 220 P.2d 463; Weathersby v. State, 92 Okl.Cr. 311, 223 P.2d 152, and cases cited.

The record herein is sufficient to support the verdict of the jury and sustain the judgment and sentence imposed, and is, accordingly, affirmed.

BUSSEY, P. J., and NIX, J., concur.